COMMISSIONERS OF HENDERSONVILLE v. C. A. WEBB & CO.

(Filed 29 May, 1908.)

1. Cities and Towns—Debt—Necessaries—Bond Issue.

The governing authorities of a town may, in the exercise of good business prudence and under existing conditions rendering such course desirable and proper, issue bonds for the present or ultimate payment of a debt lawfully incurred for the necessary expenses of the town.

2. Cities and Towns—Pavements—Debt—Necessaries—Vote of People—Constitutional Law.

The cost of maintaining the streets of a town, to the extent and in the manner required for the well ordering and good government thereof, is a necessary expense, and an indebtedness incurred therefor without submitting it to a vote of the people is not unconstitutional on that account, under Constitution, Art. VII, sec. 7.

3. Same—Statutory Requirements.

When the governing authorities of a town are given legislative power to issue bonds for the payment of the necessary expenses thereof, but by the same power it is provided that the question shall be submitted to the voters thereof for their approval, the provision of the statute in this respect must be complied with to give validity to the issue.

4. Same—"Streets" Include "Sidewalks," When.

The charter of a town provided that when the commissioners decided to pave the streets thereof the question should be submitted to the vote of the people. In a suit to test the validity of a bond issue of $18,000 to pave the sidewalks, etc.: *It was held*, that in an undertaking of this magnitude by a town the term "streets" included the sidewalks, and if such purposes were necessary to the town the statutory provision that the question should be submitted to the vote of the people must be complied with.

5. Same—Lien on Adjoining Land.

A provision in the charter of a town that the lot owners may be required to pave the sidewalks, under certain circumstances, and to pay therefor, and if they fail to do this, after proper notice, the town commissioners may have them paved and charge the amount as a lien on the property to the respective owners, does not authorize a bond issue by the town, without a vote of the people, which embraces a general scheme for paving the sidewalks or an indefinite, undesignated number of them, and for incurring a town indebtedness of $18,000 for this general purpose, when by another provision of the charter it is required that the question of paving the streets shall first be submitted to a vote of the people.

ACTION heard on case agreed and by consent of parties, before *Ward, J.,* on 11 May, 1908, from BUNCOMBE.

The facts are stated as follows:

1. That heretofore the plaintiffs, by a resolution duly and legally adopted, decided that it was necessary and for the good of the town of Hendersonville that certain sidewalks of said town be rebuilt and repaired and laid in cement, and that, in order to secure the money to defray the cost of the same, said town, under and by virtue of its charter and the amendments thereof, and of section 2930 of the Revisal of 1905, and especially under sections 1 and 6 of chapter 97 of the Private Laws of 1901, decided to issue its coupon bonds to the amount of $18,000, dated 1 April, 1908, drawing interest at six per cent., and payable $2,000 1 April, 1918, and $2,000 each year thereafter until all are paid. That by virtue of section 6, Private Laws 1901, ch. 97, the town commissioners have passed an ordinance requiring the property owners abutting on said sidewalks to make cement sidewalks according to a plan set out in said ordinance, and have notified all the property owners to begin performance of said work as required by said section and ordinance, and that the said owners have failed to do so according to law, and that the said commissioners, under the law, in the exercise of their discretion, decided to do said work and to thereafter collect out of said property owners the costs thereof according to law.

2. That the defendants duly entered into a contract with said town for the purchase of said bonds, said contract of purchase to be carried out only upon condition that defendants' attorneys approved the legality of said bonds; that said attorneys, after an examination into the legality of said bonds, advised defendants that, in their opinion, the said town had no right to issue bonds for the purpose of laying sidewalks, but that, if it has such right, yet, under sections 1 and 6 of chapter 97 of the Private Laws of 1901, the said town could not issue said bonds unless the said town was authorized to

do so by a majority of the qualified voters thereof at an election duly and legally called for that purpose, and that no election has been held for this purpose.

3. That the defendants, in good faith, in pursuance of the advice so given them by their attorneys, have declined to complete said contract and to take up said bonds, claiming that said town has no right to issue said bonds.

Upon the foregoing statement of facts the court is requested to decide (1) whether said town has the right and authority to issue said bonds, and (2) whether it has the right to issue said bonds in the absence of an election.

If the court shall hold that the city has the right to issue said bonds, then the defendants agree to carry out said contract; otherwise, they shall not do so.

And it was further agreed that no election had been held on the proposition to issue the bonds in question. Upon these facts the court below, being of opinion that the bonds would constitute a valid indebtedness of the town without any election of the voters thereof, adjudged that, on the bonds being duly tendered by plaintiffs, the defendants should accept and pay for same, and defendants excepted and appealed.

*E. W. Ewbank* and *Busbee & Busbee* for plaintiffs.
*Charles A. Webb* and *Murray Allen* for defendants.

HOKE, J., after stating the facts: The decisions of this State sanction the position that the cost of maintaining the streets to the extent and in the manner required for the well ordering and good government of a town is a necessary expense, and that an indebtedness incurred for such a purpose does not come under the prohibition of section 7, Article VII of the Constitution, which forbids a municipality to contract a debt, pledge its faith or loan its credit, etc., except for the necessary expenses thereof, without a vote of the people. *Fawcett v. Mt. Airy,* 134 N. C., 125. And when the power to incur a debt for a necessary expense exists, there would

seem to be no good reason of law to prevent the governing authorities of a town from making provision for the present or ultimate payment of such a debt by issuing bonds for the purpose, if good business prudence and existing conditions are such as to render this course desirable and proper. *Jones v. Commissioners of Madison County,* 137 N. C., pp. 579-599; *Johnston v. Commissioners,* 67 N. C., 103.

As said by *Pearson, J.,* delivering the opinion in the case last cited, "When the defendants, 'the board of commissioners,' succeeded to the office and duties of the justices of the peace in this regard, and found a very large amount of interest in arrears, was it the duty of the board of commissioners to levy and collect a tax in one year sufficient to pay off the accumulated interest for some fifteen years? Or did they have a discretion to endeavor to break the force of this burden upon the taxpayers of the county by issuing county bonds to raise a part of the amount called for and levying a tax for the residue? We think the board of commissioners had this discretion, and it seems to have been exercised in a discreet manner."

While there is no constitutional inhibition, however, on the issuance of these bonds, the authorities with us are to the effect that when the charter of a municipality, or general or special legislation applicable to the question, requires or provides that a proposition to incur an indebtedness or issue bonds for a given purpose shall be submitted to the voters of a town for their approval, this will amount to a statutory restriction, and such indebtedness shall not be incurred unless the measure has been sanctioned and approved by the voters, according to the provisions of the statute; and this though such indebtedness is properly classed as a necessary expense. *Robinson v. Goldsboro,* 135 N. C., 382; *Wadsworth v. Concord,* 133 N. C., 587.

In the case before us the proposition is to issue bonds of the town of Hendersonville, to the amount of $18,000, to

raise money for the purpose of "building and repairing certain sidewalks in the town and laying the same in cement." The charter of the town (chapter 97, Laws 1901, sec. 9) provides that, when the commissioners shall decide to pave "the streets of said town or any of the streets of said town, the question shall be submitted to and decided by a majority of those voting upon the proposition, the vote to be taken in the same way that elections are held for other municipal purposes," etc. The term "streets" may and frequently does include both sidewalks and driveways, and, while there are many decisions which, under certain facts and conditions, distinguish and separate the two, we are clearly of opinion that in an undertaking of this magnitude, involving an expenditure of $18,000 in paving sidewalks, both the purpose of the law and its correct interpretation require that the term "streets" in this connection should include sidewalks, bringing the proposition within the provisions of section 9 of the charter, requiring that a vote of the people should be taken.

It is true that the commissioners in this instance profess to be acting under and by virtue of section 6 of the charter, and claim that by reason of this section the bonds for the purpose proposed may be issued without a vote. This section provides that the lot owners may be required to pave the sidewalks, under certain circumstances, and pay for same; and, further, that if they fail to do this, after proper notice, the commissioners of the town may have them paved and charge the amount to the respective owners, and such charge is made a lien on the property. It may be that, if the town commissioners could pave the sidewalks of certain individual owners, who had been duly notified, from the current revenue, amounting only to an item of charge in the current expenses of the town, such a plan could be carried out under provisions of section 6. But the proposition contained in these facts is not so restricted. As heretofore stated, it embraces a general scheme for paving the sidewalks of the town, or an indefinite,

COMMISSIONERS *v.* MACDONALD.

undesignated number of them, and for incurring a town indebtedness of $18,000 for this general purpose.   In our opinion this proposition is entirely beyond the scope or purpose of section 6, and comes clearly within the requirements of section 9, and, before it can be lawfully carried out, must have the approval of the voters, taken in the manner required by the statute.

There was error in holding that the proposed bonds should be a valid indebtedness of the town, and the judgment below to that effect must be reversed.

This will be certified, that the judgment may be entered according to this opinion in the Superior Court of Buncombe County.

Reversed.