WALKER A. SMITH v. THE TOWN OF HENDERSONVILLE.

(Filed 25 May, 1910.)

Cities and Towns—Discretion—Bond Issues—"Streets"—Scheme of Streets—Lawful Expenditures.

> When under the authority of a legislative power a town issues valid bonds in the aggregate of $20,000 for the improvement of its "streets," the term "streets" will be held to include sidewalks or driveways within its meaning; and when the petition upon which the election was ordered, the bonds sold and the proceeds received for expenditures, particularly desired the commissioners "to adopt a general scheme of street and sidewalk improvement for the town," it is left to the discretion of the commissioners to employ competent engineers for the proper grading of the streets and sidewalks, to determine how much grading any particular street shall receive, how its natural configuration shall be graded, etc., have the work done, and pay for such expenses out of the funds received from the sale of the bonds.

APPEAL from *Councill, J.*, from HENDERSON, heard by consent at chambers, 27 April, 1910.

This was a controversy without action. The agreed facts are thus stated:

1. That the General Assembly of North Carolina, session of 1901, passed an act (see ch. 97, Private Laws 1901), entitled "An act to amend the charter of the town of Hendersonville,"

which act forms a part of the charter of the town of Hendersonville, reference to which is hereby made; that sections 5, 6 and 9 of said act form a general scheme for the paving of the streets and sidewalks of the said town.

2. That on or about 1 September, 1909, the people of the said town decided to lay cement sidewalks, under and by virtue of the said charter, and, through their commissioners, duly elected and qualified, they called an election to vote upon the question of the issuance of bonds for the said purpose, which call for election is hereto attached, marked "Exhibit A," and prayed to be taken as a part of this petition; that the election was carried, and $20,000 worth of the said bonds were duly issued and sold, and the money therefrom has been placed in the treasury of said town. A copy of the said bonds is hereto attached, marked "Exhibit B," and prayed to be taken as a part of this petition.

3. That after the sale of the said bonds and the receipt of the said money, the commissioners of the town of Hendersonville passed an order as to how said moneys should be spent in said work, and how said work should be prosecuted, which order of the board is hereto annexed and marked "Exhibit C," and prayed to be taken as a part of this petition.

4. That the commissioners of the town of Hendersonville, as outlined in their said order, have proceeded to hire engineers to lay out and establish the grades on said streets and sidewalks, and have employed a contractor to grade the same and lay said cement sidewalks. That, acting under the orders of the said board and their employment by the said board, the said engineers and contractor are now at work on what is known as Academy Street in said town. That the town of Hendersonville is a mountain town, having many hills inside of said town, and in many places great excavations are called for by the engineers' survey, with fills on either side, which excavations and fills will cost much money to complete.

5. That the said board of commissioners propose to pay:

(*a*) The grading of the sidewalks out of said funds;

(*b*) The grading of the streets, as distinguished from the sidewalks, out of said funds derived from said bond sale;

(*c*) To pay the said engineers out of the funds derived from said bond sale for the establishment of the grades of the sidewalks;

(*d*) To pay the said engineers out of the funds derived from said bond sale for the establishment of the grades of said streets as distinguished from said sidewalks.

6. That a great controversy has arisen in the said town,

among the lawyers and citizens, as to whether, under the said charter and call for election, etc., the commissioners have the power to do such grading, employ such engineers, to pay for the grading of the sidewalks and streets, and said engineers, as aforesaid, out of the money derived from the said bond sale.

7. That the plaintiff, Walker A. Smith, who is a resident and taxpayer of the town of Hendersonville, contends that, under the plain terms of the charter, the call for said election, and the plain letter of the law, the said commissioners have no power (1) to pay for the grading of the sidewalks out of said money; (2) to pay for the grading of the streets between the sidewalks out of said money; (3) to pay the engineers out of said money to establish the grade of said sidewalks; (4) to pay the engineers out of said money to establish the grade of the streets, as distinguished · from the sidewalks; all of which aforesaid things the town claims it can lawfully do.

And he further contends that under the plain letter and meaning of the law, as set forth in said charter and statutes amendatory thereof, and the said call of election, that the money derived from the sale of these bonds can only be spent for actual cement and the work of laying it down.

Upon the above facts agreed, his Honor rendered the following judgment:

"This case coming on to be heard before his Honor, *W. B. Councill, J.,* at chambers, and being heard, by consent, the court is of the opinion, and so adjudges:

"First. That the board of commissioners of the town of Hendersonville had and now have a legal right to pay for grading the streets (as distinguished from sidewalks) in the town of Hendersonville, from the funds now in hand derived from the sale of $20,000 bonds issued 1 January, 1910, in accordance with and by authority of an election held in said town 28 September, 1909.

"Second. That the board of commissioners of said town had and now have a legal right to pay for grading the sidewalks in said town from said fund.

"Third. That the board of commissioners of said town had and now have a legal right to employ and pay competent engineers to ascertain the proper grades of said streets in said town.

"Fourth. That the board of commissioners of said town had and now have a legal right to employ and pay competent engineers to ascertain the proper grades of said sidewalks in said town.

"Fifth. That the plaintiff pay the costs of this action, to be taxed by the clerk."

From which judgment plaintiff appealed to this Court.

*Charles F. Toms* for plaintiff.
*Michael Schenck* for defendant.

MANNING, J.  In *Commissioners v. Webb,* 148 N. C., 120, a case involving the interpretation of the same sections of the charter of the town of Hendersonville as the present case (ch. 97, Private Laws 1901), this Court said: "The term 'streets' may, and frequently does, include both sidewalks and driveways, and, while there are many decisions which, under certain facts and conditions, distinguish and separate the two, we are clearly of opinion that in an undertaking of this magnitude, involving an expenditure of $18,000 in paving sidewalks, both the purpose of the law and its correct interpretation require that the term 'streets' in this connection should include sidewalks, bringing the proposition within the provisions of section 9 of the charter, requiring that a vote of the people should be taken." In *Hester v. Traction Co.,* 138 N. C., 288, it is said: "The rights, powers and liability of the municipality extend equally to the sidewalk as to the roadway, for both are parts of the street.  *Tate v. Greensboro,* 114 N. C., 392; 2 Smith Mun. Corp., sec. 1304; Elliott Roads and Streets, sec. 20."

The petition upon which the election was ordered, the bonds sold and the proceeds received for expenditure, particularly desired the board of commissioners of Hendersonville "to adopt a general scheme of street and sidewalk improvement for the town." In adopting such a general scheme *in limine,* it is assuredly the part of a wise administration to engage the services of a competent, experienced and skillful engineer.  It would be unwise and unsightly to have the sidewalks graded to an established grade and then paved with cement, and to leave the driveways or roadways of the streets in their natural condition and with their natural configuration undisturbed.  It is left to the sound judgment and discretion of the board of commissioners, aided by the advice of a competent engineer, to determine how much grading any particular street shall receive, and how much its natural configuration shall be varied.

It has been repeatedly held by this Court, as well as other courts, that such matters are legislative and rest exclusively in the discretion of the governing authorities of the municipalities, and their decisions cannot be interfered with or controlled by the courts.  *Meares v. Wilmington,* 31 N. C., 73, and the numerous cases cited in Anno. Ed.  Under sections 5, 6 and 9 of

the town charter, it was permissible to adopt a general scheme of improvements of its streets and sidewalks, as requested in the petition and approved at the election by the voters of the town, and proceed to carry it out. We, therefore, discover no error in the judgment appealed from, and it is
Affirmed.