CITY OF KINSTON v. SECURITY TRUST COMPANY.

(Filed 24 May, 1915.)

**1. Municipalities — Cities and Towns — Bond Issues—Legislative Control—Necessaries—Constitutional Law.**

A legislative authorization to a municipality to issue bonds for paving and generally improving its streets; to enlarge and extend its waterworks system; to enlarge and better equip its electric light plant; to install an electric fire-alarm system, and to erect municipal buildings, is for necessary expenses, and not subject to the restrictions of our Constitution, Art. VII, sec. 7, requiring that the question of the issuance of the bonds be submitted to the vote of the people.

**2. Same—Validating Acts.**

Municipalities are very largely subject to legislative control as to the issuance of bonds and other matters governmental in character, and they must observe the statutory requirements, charter or otherwise, under which they act, it remaining in the power of the Legislature to remove by subsequent legislation irregularities by reason of the violation or nonobservance of requirements upon the municipality made in a previous act, when no vested rights have supervened and no mandate of the Constitution has thereby been violated.

**3. Same—Immaterial Recitations—Charter Provisions—Ordinances.**

Where a bond issue for necessary expenses has been submitted to and approved by the voters of a city, according to a statutory requirement, but it appears that it is in violation of the city's charter requiring that no ordinance or resolution respecting such matters be finally passed on the date of its introduction, it is within the authority of a subsequent Legislature to validate the issuance of the bonds by direct legislation, not requiring the proposition to be again submitted to the voters; nor is objection material that the validating act refers to bonds already delivered, when in fact they had only been prepared and were refused by the purchaser.

APPEAL by defendant from *Peebles, J.*, April, 1915; from LENOIR.

Civil action, heard on case agreed and by consent. The action was to recover the purchase price of a bond issue of the city of Kinston, contracted to be sold to defendant, and said defendant declined to take the bonds or pay the stipulated price, alleging that the same were invalid.

There was judgment for plaintiff, and defendant excepted and appealed.

*Loftin & Dawson for plaintiff.*
*G. G. Moore for defendant.*

HOKE, J.   On the hearing it was properly made to appear that, pursuant to an act of the General Assembly, regularly passed, an election was held in the city of Kinston on 23 June, 1914, on the proposition to issue bonds to the amount of $100,000, "in order to provide funds with which to pave and generally improve the streets of the city, to enlarge and extend the water-works system, to enlarge and better equip the electric light plant, to install an electric fire-alarm system, and to erect municipal buildings," and the measure was approved by a majority of the qualified voters of the city; that the results of the election having been .duly certified, on resolution of the board of aldermen, the bonds were prepared and contracted to defendants at a stipulated and lawful price, and defendants have declined to accept and pay for same, alleging that they are being issued in violation of a provision of the city charter, to the effect "That no ordinance or resolution shall be finally passed upon the date of its introduction except in case of public emergencies, and then only when requested by the mayor in writing: *Provided,* that no ordinance or resolution making a grant of any franchise or special privilege shall ever be passed as an emergency measure"; and it was admitted that the resolution of the board of aldermen, under which these bonds were prepared and bargained, and one or two other resolutions of the board bearing on. the subject, all of them, had been passed the day of their introduction.   It was further made to appear that this alleged defect having been suggested, the General Assembly of the State, at the regular session of 1915, passed an act to legalize and ratify "all proceedings of the city of Kinston relating to the issue of these bonds," referring, in express and definite terms, to the former statute, the election, and the purposes of the bond issue and the resolutions, etc., and providing, among other things, in section 1: "All proceedings of the city of Kinston for the issuance of said $100,000 public improvement bonds for the purposes aforesaid, including said election held 23 June, 1914, are hereby ratified and legalized, and said bonds are valid and binding obligations of said city of Kinston."

The defendants object' further to the validity of the proposed bond issue because the ratifying act, in its preamble, refers to them as bonds already delivered.

Upon these, the facts chiefly relevant, we concur in the view of the judge below, that the proposed bond issue will constitute a valid indebtedness of the city, and that these defendants must be held liable for the stipulated price.

Under our decisions applicable, and on the facts in evidence, the bonds are for necessary expenses, and are not, therefore, subject to the constitutional restrictions on municipalities as to incurring indebtedness, contained in Article VII, section 7, of the Constitution.   *Murphy v. Webb,* 150 N. C., 402; *Comrs. v. Webb,* 148 N. C., 120; *Fawcett v. Mount Airy,*

134 N. C., 125; *Black v. Comrs.,* 129 N. C., 121; *Vaughn v. Comrs.,* 117 N. C., 434.

The municipalities, however, in matters of this character, are very largely subject to legislative control, and as to incurring indebtedness and other questions, governmental in character, they must observe the statutory requirements under which they act. *Ellison v. Williams,* 152 N. C., 147; *Hendersonville v. Jordan,* 150 N. C., 35; *Robinson v. Goldsboro,* 135 N. C., 382; *Wadsworth v. Concord,* 133 N. C., 587.

This last position, however, is subject to the principle, very generally recognized, that when defects and irregularities are by reason of the violation or nonobservance of statutory provisions, and unless vested rights have supervened, the objections may be removed and the measure validated by proper legislative action. *Reid v. R. R.,* 162 N. C., pp. 355-358; *Grenada County Supervisors v. Brown,* 112 U. S., pp. 261-271; *Illinois v. Ill. Cen. R. R.,* 33 Fed., pp. 721-771; *Schenck v. Jeffersonville,* 152 Ind., pp. 204-217.

In *Reid's case* the Court said: "It is well recognized that, so far as the public is concerned and when not interfering with vested rights, a legislature may ratify and make valid measures which it might have originally authorized." In *Board Supervisors, etc., v. Brown, supra,* it was held: "That a municipal subscription to the stock of a railroad company, or in aid of the construction of a road, made without authority previously conferred, may be confirmed and legalized by subsequent legislative enactment, when legislation of that character is not prohibited by the Constitution and when that which was done would have been legal had it been done under legislative sanction previously given." And, in *Schenck's case, supra,* "In the absence of constitutional restriction, the Legislature has the right to legalize the bonds of a city so long as vested rights have not intervened."

The objection that the ratifying act refers to the bonds as already delivered is without merit.

The evident purpose of the act is to cure all of the defects suggested. The language is broad enough to do it, and the reference to the bonds as having been delivered is so clearly an inadvertence that it is deserving of no consideration. *Fortune v. Comrs.,* 140 N. C., 322.

There is no error in the proceedings below, and the judgment of his Honor is, in all respects, confirmed.

Affirmed.