W. S. WOLFE v. THE TOWN OF MOUNT AIRY ET AL.

(Filed 25 September, 1929.)

**Taxation A a—Where voters have approved payment of municipal debt a vote on the issuance of bonds therefor is unnecessary.**

Where a deficit has accumulated in the running expenses of a public school of a township, and the voters of the township under a valid statute have approved its payment by the township, it is not necessary that the question of the issuance of bonds, authorized by a later statute for paying the indebtedness, be submitted to the voters of the township in order to validate the bonds so issued, the later statute merely prescribing the method by which the former authority should be executed.

APPEAL by plaintiff from *McElroy, J.,* 3 August, 1929, from SURRY.

Controversy without action, submitted on an agreed statement of facts to determine the validity of certain bonds of the town of Mount Airy.

The facts, so far as essential to a proper understanding of the legal question involved, may be abridged and stated as follows:

1. Pursuant to the provisions of chapter 37, Private Laws 1927, an election was held in the town of Mount Airy and carried by which the commissioners of said town, among other things, were authorized to

assume and pay off an accumulated deficit or school indebtedness of $35,000, but no reference was made in said act to the manner in which this should be done. Hence, while the indebtedness was approved, the question as to whether bonds should be issued to care for the outstanding deficit which had accumulated in the operation of the public schools over a period of several years, was not submitted to a vote of the people.

2. Thereafter, the Legislature of 1929, Private Laws, ch. 171, without a vote of the people, authorized the commissioners of the town of Mount Airy to issue bonds for the payment of said indebtedness.

3. It is the contention of the plaintiff that as the act of 1927 did not specifically authorize the issuance of bonds to care for said indebtedness, the same has not been approved by a vote of the people—the act of 1929 not being submitted to a vote—and that said proposed bonds are therefore not valid obligations of the town.

From a judgment holding the bonds to be valid, and dismissing the action, the plaintiff appeals, assigning error.

*Geo. K. Snow for plaintiff.*
*Folger & Folger for defendants.*

STACY, C. J. Objection is made to the validity of the bonds in question on the ground that the act of 1927, calling for an election, did not specifically authorize the issuance of bonds, though payment of the indebtedness was approved by a majority of the qualified voters. The objection is untenable. *Jones v. Board of Education,* 185 N. C., 303, 117 S. E., 37; *Honeycutt v. Commissioners,* 182 N. C., 319, 109 S. E., 4.

Whatever difference of opinion may be found in the decisions elsewhere, it has been held with us, in a number of cases, that "when the power to incur a debt for necessary expense exists (and we may add when an outstanding indebtedness has been properly approved), there would seem to be no good reason of law to prevent the governing authorities of a town from making provision for the present or ultimate payment of such a debt by issuing bonds for the purpose, if good business prudence and existing conditions are such as to render this course desirable and proper." *Commissioners v. Webb,* 148 N. C., 120, 61 S. E., 670; *Jones v. Commissioners,* 137 N. C., 579, 50 S. E., 291. This was approved in *Bennett v. Commissioners,* 173 N. C., 625, 92 S. E., 603, where *Hoke, J.,* writing the opinion, took occasion to say: "True, we have held in this jurisdiction that when county commissioners have power to contract a debt or to provide for valid debts already contracted, they may, in the exercise of good business prudence, issue county bonds in evidence of the obligation, the right of taxation therefor being re-

stricted to the constitutional limitations as to debts incurred since the same was adopted," citing as authority for the position, *Commissioners v. Webb,* 148 N. C., 120; *McCless v. Meekins,* 117 N. C., 34; *French v. Commissioners,* 74 N. C., 692; *Johnston v. Commissioners,* 67 N. C., 103.

Under these authorities the trial court correctly held that the act of 1929, authorizing the commissioners to issue bonds for the payment of the indebtedness previously incurred and properly approved, was valid without being submitted to a vote of the people.

The judgment upholding the bonds and dismissing the action will be

Affirmed.