BANKERS TRUST COMPANY v. CITY OF STATESVILLE.

(Filed 26 October, 1932.)

1. **Bills and Notes B c—Municipal bonds payable to bearer and conforming to C. S., 2982, are negotiable instruments.**

   Where under valid statutory authority a municipality issues its bonds payable to bearer and the form of the bonds in other respects comply with the provisions of C. S., 2982, they are negotiable instruments and in the hands of a holder in due course are not subject to defenses ordinarily available to the municipality, and as against such holder the only defense available to the municipality is the want of power and authority to have issued them.

2. **Bills and Notes A c—Delivery of negotiable municipal bonds is conclusively presumed when in the hands of a holder in due course.**

   Where a negotiable municipal bond is in the hands of a holder in due course, C. S., 3033, it is conclusively presumed that a valid delivery of the bonds had been made so far as the rights of the holder are concerned, and in an action by such holder the defense that the bonds were not delivered is not available to the municipality. C. S., 2997.

3. **Bills and Notes A a—City paying coupons held estopped to deny consideration for its negotiable bonds in hands of holder in due course.**

   Where a municipal corporation pays the interest coupons on its bonds for several years it is estopped to deny the validity of the bonds for want of consideration or delivery as against a holder in due course.

4. **Bills and Notes C d: Taxation A f—Failure to strictly follow statutory procedure does not invalidate bonds in hands of holder in due course.**

   Whether the statutory provisions that an issuance of bonds by a municipality should be authorized at a regular and not a special meeting of its governing body is mandatory or merely directory is immaterial where the bonds are in the hands of an innocent holder in due course, the failure of the governing body to strictly observe the provisions of the statute not being sufficient to invalidate the bonds in the hands of such holder, especially where the city is estopped by its conduct from denying the validity of the bonds.

APPEAL by defendant from *McElroy, J.,* at November Term, 1931, of IREDELL. No error.

This is an action to recover of the defendant the sum of $375, with interest from 1 April, 1929. This is the aggregate amount of fifteen interest coupons, each for the sum of $25, now in the possession of the plaintiff. The coupons were attached to fifteen bonds, each for the sum of $1,000, which by recitals contained therein purport to have been issued by the defendant. These bonds are now in the possession of the plaintiff.

The plaintiff alleges in its complaint that the bonds and coupons now in its possession were issued by the defendant, and that plaintiff is the holder in due course of both the bonds and the coupons. The defendant in its answer to the complaint denies these allegations, and alleges that the bonds, with coupons attached, were never delivered by it, and that it has never received value for said bonds.

This action was begun on 8 October, 1929. The coupons sued on were due on 1 April, 1929. At the trial, it was agreed that if the defendant should be held liable to plaintiff, on the bonds, and on the coupons which were due at the date of the commencement of the action, judgment should be rendered in this action against the defendant for the aggregate amount of all the coupons due at the date of the trial, to wit: $2,250.

The facts as shown by all the evidence introduced at the trial are as follows:

1. The defendant, city of Statesville, is a municipal corporation, created by and organized under chapter 243, Private Laws of North Carolina, 1911. It is provided by section 17 of said chapter that "all the corporate powers of the city of Statesville shall be exercised by the board of aldermen of said city, subject to the provisions of this act, and consistent with the powers herein granted. The board of aldermen shall have power and authority by ordinance duly enacted (1) to provide for the payment of any existing indebtedness and of any valid obligations that may be made from time to time by the city, and to appropriate funds for that purpose, and (2) to establish, construct, open, grade and repair streets, sidewalks, public alleys, bridges, culverts and drains in the city."

2. Sometime prior to 1 April, 1914, the defendant city of Statesville, as authorized by its charter, had incurred an indebtedness in the sum of $30,000, for work done in the improvement of streets and sidewalks of the city. At a regular meeting of the board of aldermen of the defendant, held on 3 April, 1914, bids for bonds to be issued and sold by the defendant in the aggregate amount of $30,000, for the payment of said indebtedness, were received, and duly entered on the minutes of said board. All of said bids except the bid of Cutter, May and Company of Chicago, Ill., and the bid of another bond buyer, were rejected by the board. The bids not rejected were referred by the board to D. M. Ausley, a member of said board, and the chairman of its finance committee. Thereafter there was considerable correspondence between the attorney of the defendant, and Cutter, May and Company and its attorneys, in regard to the form of the ordinance which should be passed by the board of aldermen, authorizing the issuance and sale of said bonds. An ordinance passed by the board at a meeting held on 13 April,

1914, was unsatisfactory to Cutter, May and Company because of its form. At a special meeting of the board of aldermen of the defendant held on 13 July, 1914, pursuant to the call of its mayor, an ordinance was introduced and passed by the affirmative vote of all the members of the board present at said meeting. Only one member of the board was absent at said meeting. This ordinance, with the names of the members of the board who voted for its passage, was duly recorded in the minutes of the board, and by its terms authorizes the treasurer of the defendant to issue and sell its negotiable coupon bonds in the aggregate principal amount of $30,000, for the purpose of paying off and discharging the floating indebtedness of the city of Statesville legally incurred for necessary expenses in improving the streets and sidewalks of the city. It is provided in said ordinance that thirty bonds, each for the sum of $1,000, shall be issued and sold by the defendant, and that said bonds shall be dated 1 April, 1914, shall be due on 1 April, 1944, and shall bear interest from date at the rate of five per centum per annum, payable semiannually on the first day of October and of April of each year, at the Hanover National Bank of New York City. It is further provided in said ordinance that said bonds shall be signed by the mayor, and countersigned by the city clerk of the defendant, and that the corporate seal of the defendant shall be affixed to each of said bonds. The form of the said bonds, and of the interest coupons to be attached thereto, is prescribed by the ordinance. It was ordered that the sale of said bonds to Cutter, May and Company, of Chicago, Ill., for the amount of its bid, be and the same was ratified and confirmed, and further that all ordinances or resolutions in conflict with said ordinance be and the same were repealed. This ordinance by its terms became effective from and after its passage, to wit: 13 July, 1914.

Provision is made in the charter of the city of Statesville for both regular and special meetings of its board of aldermen. Section 9 of said charter provides that it shall be the duty of said board of aldermen to meet at such time and place as the board may select, once each month, and to continue in session until all the business of the board shall be disposed of. Section 12 of said charter, with respect to special meetings of the board, is as follows:

"Section 12. Special meetings of the board of aldermen may be held on the call of the mayor, or of a majority of the aldermen, and at every such meeting, when called by the mayor, all the aldermen then in the city shall be notified, and when called by a majority of the aldermen, such as do not join in the call, and the mayor shall be notified."

Section 15 of the charter of the city of Statesville, with respect to the passage by the board of aldermen of an ordinance or resolution, is as follows:

"Section 15. No ordinance or resolution shall be passed upon the date of its introduction except the same be passed by a three-fourths majority of all the aldermen, or unless it be a cause of public emergency. All ordinances except in case of public emergency shall be introduced at a regular meeting, and shall stand for passage at the next regular meeting of the board; Provided, that no ordinance or resolution making a grant of any franchise or special privilege, nor any ordinance amending or extending such grant made prior thereto shall ever be passed on the date of its introduction, and in no event until notice by advertisement in some newspaper published in the city of Statesville for four weeks shall have been given by the beneficiary of said ordinance or by the city to the public, that such ordinance has been introduced and that its passage will be asked for at the next regular meeting of the board. And any such ordinance passed in any other manner than is herein provided shall be null and void."

3. The bonds now in the possession of the plaintiff were signed by L. C. Caldwell, mayor, and countersigned by C. D. Moore, city clerk of the defendant during the year 1914. The corporate seal affixed to each of said bonds is the corporate seal of the defendant, city of Statesville. The bonds are payable to bearer, and are in all respects in the form prescribed by the ordinance passed by the board of aldermen of the defendant, at the meeting of said board held on 13 July, 1914. The coupons attached to said bonds at the time the same came into the possession of the plaintiff, are in all respects in the form prescribed by said ordinance, and are signed by L. C. Caldwell, mayor, and countersigned by C. D. Moore, city clerk. Each of said bonds contains recitals as follows:

"This bond is one of a series of thirty (30) bonds of like date, tenor and amount, aggregating the principal sum of thirty thousand dollars ($30,000) issued for the purpose of providing funds to pay off and discharge the floating indebtedness of said city, legally incurred for the necessary expenses thereof for improving the streets and sidewalks, under authority of the Constitution and laws of North Carolina, and of the charter of said city of Statesville, and pursuant to a resolution of the board of aldermen of said city, duly and regularly adopted on 13 July, A.D. 1914.

And it is hereby certified and recited that all acts, conditions and things required to be done precedent to and in the issuance of these bonds, have been properly done, happened, and have been performed in regular and due form as required by law; that the total indebtedness of the city of Statesville, including this bond, does not exceed the constitutional or statutory limitation; and that due provision has been made

for the levy and collection of a direct annual tax upon all the taxable property within said city, sufficient to pay the interest thereon, and to create a sinking fund for the retirement of the principal hereof at maturity."

4. After the passage of the ordinance authorizing the issuance and sale of bonds in the aggregate amount of $30,000, by the defendant, to wit, on 28 August, 1914, D. M. Ausley, a member of the board of aldermen of the city of Statesville, and chairman of its finance committee, wrote to the Security Bank Note Company of Philadelphia, Pa., enclosing a copy of the bond authorized by said ordinance, and requested said company to print thirty bonds, with interest coupons attached, in accordance with said copy. On 4 September, 1914, the Security Bank Note Company of Philadelphia, forwarded by mail to W. M. Ausley, thirty bonds, with coupons attached, printed in accordance with his request. These bonds, and coupons were printed on green paper. On 9 December, 1914, the defendant issued its voucher for the sum of $144.50, payable to the Security Bank Note Company, of Philadelphia. This voucher was for the payment of the bill of said company for printing said bonds in accordance with the request of D. M. Ausley.

5. On or about 1 October, 1926, the Commercial National Bank of Statesville, N. C., borrowed from the Independence Trust Company of Charlotte, N. C., the sum of $12,500, and as collateral security for its note for that amount, deposited with said Trust Company, fifteen of the green bonds printed by the Security Bank Note Company at the request of D. M. Ausley. At that time these bonds were signed by L. C. Caldwell, mayor, and countersigned by C. D. Moore, city clerk of the defendant. The corporate seal of the defendant was affixed to each of said bonds. Upon the payment of the note, on 27 April, 1927, the bonds were returned by the Independence Trust Company to the Commercial National Bank of Statesville. Thereafter, on 12 September, 1927, these identical bonds were again deposited by the Commercial National Bank of Statesville with the Independence Trust Company, as collateral security for a note of the said bank in the sum of $14,000. Before this note was paid, the Commercial National Bank of Statesville was adjudged insolvent, and a receiver of said bank was appointed to take charge of its affairs. Upon default in the payment of the note for $14,000, the Independence Trust Company, with the approval of the receiver of the Commercial National Bank, sold the bonds to the plaintiff. On or about 10 July, 1929, the plaintiff paid to the Independence Trust Company, for said bonds, the sum of $15,510.42. Out of this sum, the Independence Trust Company paid off the note of the Commercial National Bank, and turned over to its receiver, the balance, to wit:

$1,771.69. At the time the bonds were deposited by the Commercial National Bank of Statesville with the Independence Trust Company of Charlotte, N. C., as collateral security, there were no past due coupons attached to either of said bonds. Neither the Independence Trust Company nor the plaintiff at the time the said bonds came into their possession, respectively, had actual notice of any defect or infirmity in the title of the Commercial National Bank of Statesville, to said bonds.

6. The fifteen bonds purchased by the plaintiff from the Independence Trust Company, aggregating in amount $15,000, each for the sum of $1,000, are dated 1 April, 1914, and will be due on 1 April, 1944. Each of these bonds is payable to bearer, and is in all respects in the form prescribed by the ordinance passed by the board of aldermen of the defendant at its meeting held on 13 July, 1914. Interest coupons attached to said bonds, and due on 1 October, 1927, and on 1 April, 1928, were duly presented by plaintiff for payment, and were paid by the defendant. Interest coupons which thereafter became due prior to the commencement of this action were also duly presented by the plaintiff for payment. Payment of these coupons was refused by the defendant, on the ground that the bonds from which the coupons were detached are not valid, for the reason that said bonds were not executed by defendant, had never been delivered by defendant, and that defendant had not received value for said bonds.

7. After the passage of the ordinance authorizing the issuance and sale of bonds by the defendant in the aggregate principal amount of $30,000, at the meeting of its board of aldermen on 13 July, 1914, Cutter, May and Company of Chicago, Ill., was notified by the attorney of the defendant that the bid of said company for said bonds had been accepted, and the said Cutter, May and Company was requested by said attorney to have the bonds printed and forwarded to the defendant for execution. After considerable correspondence between the attorney of defendant and the said Cutter, May and Company and its attorneys, the bonds printed by said company were sent to defendant, and were thereafter, on or about 1 January, 1915, signed by L. C. Caldwell, mayor, and countersigned by C. D. Moore, city clerk of defendant. The bonds, with the corporate seal of the defendant affixed thereto, were delivered by the defendant to Cutter, May and Company in January and February, 1915. Cutter, May and Company paid to the defendant, upon the delivery of said bonds, the sum of $30,035, the amount of their bid. The bonds delivered by defendant to Cutter, May and Company, with interest coupons attached thereto, are in the identical form prescribed in the ordinance passed at the meeting of the board of aldermen of the defendant, on 13 July, 1914. The validity of these bonds and of the

coupons attached thereto, has been and is now recognized by the defendant. All the coupons attached to said bonds, as they have become due, have been duly paid by the defendant.

Both the bonds in the possession of the plaintiff, numbered 1 to 15, inclusive, and aggregating in amount the sum of $15,000, and the bonds delivered by the defendant to Cutter, May and Company, numbered 1 to 30, inclusive, and aggregating in amount the sum of $30,000, are signed by L. C. Caldwell, mayor, and countersigned by C. D. Moore, city clerk. The corporate seal of the defendant is affixed to each of said bonds. The recitals in said bonds are identical, and are in accordance with the provisions of the ordinance passed by the board of aldermen of the defendant on 13 July, 1914. The bonds differ only in that the bonds in the possession of the plaintiff are printed on green paper, while the bonds delivered to Cutter, May and Company, are printed on yellow paper.

Both L. C. Caldwell, mayor, and C. D. Moore, city clerk of the defendant, during the year 1914, died prior to the commencement of this action. D. M. Ausley, member of the board of aldermen of the defendant, and chairman of its finance committee, during the year 1914, was also during said year cashier of the Commercial National Bank of Statesville. He continued as such cashier until his death in 1928.

The issues submitted to the jury, and answered under the instructions of the court, are as follows:

"1. Did the city of Statesville have authority, in 1914, to issue funding bonds to fund an indebtedness created for street improvement purposes? Answer: Yes.

2. Did the board of aldermen of the city of Statesville, at a meeting duly called and convened on or about 13 July, 1914, and in the exercise of its lawful authority, adopt an ordinance authorizing the execution, issuance and sale of $30,000 funding bonds by said city of Statesville, as alleged in the complaint? Answer: Yes.

3. Were the bonds sued on in this action signed by L. C. Caldwell, mayor, and countersigned by C. D. Moore, city clerk, as alleged in the complaint? Answer: Yes.

4. Do said bonds bear the seal of the city of Statesville, as alleged in the complaint? Answer: Yes.

5. Did the Independence Trust Company acquire said bonds as collateral security and become the holder thereof in due course, as alleged in the complaint? Answer: Yes.

6. Is the plaintiff the owner and holder in due course of said bonds as alleged in the complaint? Answer: Yes.

7. Is the defendant indebted to the plaintiff in the amount of said interest coupons, with interest thereon, from their respective maturities? Answer: Yes."

On the verdict and on the agreement set out in the record, it was ordered, adjudged and decreed:

"1. That the plaintiff have and recover of the defendant on the interest coupons due 1 April, 1929, 1 October, 1929, 1 April, 1930, 1 October, 1930, 1 April, 1931, and 1 October, 1931, respectively, the total principal sum of $2,250, with interest on the principal amount of each set of said interest coupons, to wit: on the principal sum of $375, from the respective maturities thereof, at the rate of six per centum per annum.

2. That the plaintiff is the owner and holder in due course of bonds Nos. 1 to 15, both inclusive, each for $1,000, dated 1 April, 1914, maturing 1 April, 1944, bearing 5 per cent interest from date, payable semiannually on the first days of October and April of each year, evidenced by attached interest coupons, both principal and interest being payable at the Hanover National Bank of New York City, executed in the name and behalf of the city of Statesville, by L. E. Caldwell, mayor, and C. D. Moore, city clerk, and bearing the official seal of the city of Statesville, payable to bearer, each of said fifteen bonds being in the form of bond No. 1, an exact copy of which marked exhibit 'B,' is attached to and by reference made a part of the complaint in this action, the aforesaid fifteen bonds being printed on green paper, and bearing the notation, 'Security Bank Note Company. Phila.'

3. That the plaintiff is the owner and holder in due course of the semiannual interest coupons attached to said fifteen bonds, the same to mature on the first days of April and October of each year hereafter, commencing 1 April, 1932, and ending 1 April, 1944, each semiannual interest coupon attached to each of said fifteen bonds being for the principal sum of $25.

4. That said fifteen bonds, and aforesaid coupons attached thereto, be and are adjudged the absolute, valid and binding obligations of the city of Statesville.

5. That the defendant be and is hereby taxed with the costs of this action."

From the foregoing judgment, defendant appealed to the Supreme Court.

*Stewart & Bobbitt and Grier, Grier & Joyner for plaintiff.*
*Long & Glover, Morehead & Murdock and J. E. Horton for defendant.*

CONNOR, J. A municipal bond payable to bearer, and otherwise complying as to form with the provisions of C. S., 2982, is a negotiable instrument, and as such when in the hands of a holder in due course as defined by C. S., 3033, is not subject to defenses which would otherwise ordinarily be available to the municipal corporation by which the bond was issued. The only defense available to the corporation in whose name and in whose behalf the bond was lawfully executed, when the bond is in the hands of a holder in due course, is that the corporation was without power or authority to issue the bond. Thus in *Belo v. Commissioners*, 76 N. C., 489, it is said by *Bynum, J.*, speaking for this Court: "Municipal bonds are negotiable instruments, and the legal rights of the holders of such paper do not so much rest upon abstract principle, though true, as upon a system of practical rules found by experience to be essential to healthy commercial life. For the public protection and the convenience of trade every intendment is made in favor of the validity of negotiable instruments. Where bonds have been issued and sold in the market, and have come into the hands of a bona fide holder before maturity, as a general rule such bonds are prima facie valid, and the onus is upon the party impeaching them to show the contrary. This rule, however, which subsists between individuals, is much modified in respect to corporate bonds. Such bonds can be issued only in pursuance of a special grant of power, and the party claiming the benefit of such bonds must show a power in the corporate body to issue them. But if he is a purchaser for value, without notice and before maturity, he need do no more. If a municipal corporation has the power to issue bonds only on a compliance with conditions precedent, as, for instance, here in pursuance of a popular vote, and the bonds are issued, the presumption is that the conditions have been observed and they are prima facie valid, though the defendant may show the contrary, unless he is estopped by his own acts from doing so."

In the instant case, the city of Statesville had the power and authority to issue the bonds which are now in the hands of the plaintiff. The issuance and sale of the bonds was authorized to pay off and discharge a valid indebtedness of the city, incurred for a necessary expense, to wit: the expense of improving its streets and sidewalks. *Kinston v. Trust Co.*, 169 N. C., 207, 85 S. E., 399. The jury has found under instructions of the court, to which the defendant did not except, that the defendant had the power to issue the bonds, which are now in the possession of the plaintiff. It is not contended by the defendant, on its appeal to this Court, that there was error in the trial in the Superior Court with respect to the instructions applicable to the first issue. In *Commissioners v. Webb*, 148 N. C., 120, 61 S. E., 670, it is said by *Hoke, J.*: "When

the power to incur a debt for a necessary expense exists, there would seem to be no good reason of law to prevent the governing authorities of a town from making provision for the present or ultimate payment of such a debt by issuing bonds for the purpose, if good business prudence and existing conditions are such as to render this course desirable." This principle is approved in *Wolfe v. Mount Airy*, 197 N. C., 450, 149 S. E., 589.

The defense urged by the defendant in the instant case that the bonds now in the possession of the plaintiff, were never delivered and that defendant received no value for the bonds, cannot avail the defendant. The delivery of the bonds by the defendant is conclusively presumed in favor of the plaintiff who purchased them from the Independence Trust Company, before maturity, without notice, and for value. It is expressly provided by statute that where an instrument negotiable in form, and executed by the defendant as maker, is in the hands of a holder in due course, a valid delivery of the instrument by the defendant, so as to make the defendant liable as maker of the instrument to the holder, is conclusively presumed. C. S., 2997. This conclusive presumption is applicable to a holder in due course of the green bonds now in the possession of the plaintiff, as well as to such holder of the yellow, or gold bonds, which were delivered by the defendant to Cutter, May and Company. The defendant has recognized the validity of these latter bonds, by paying the interest coupons attached to the same as they have become due. It would seem that as to these bonds, the defendant is estopped to deny their validity.

The defendant contends, however, that the bonds involved in this action, although in the hands of the plaintiff as a holder in due course, are void, because the ordinance by which the bonds were authorized, and under which they were executed, was passed at a special meeting, and not at a regular meeting of its board of aldermen, as provided in the charter of the city of Statesville. Whether this provision is mandatory, as contended by the defendant, or merely directory, as contended by the plaintiff, this contention cannot be sustained. It is generally held that where a municipal corporation has the power to issue bonds, and it is provided in its charter that such power shall be exercised in accordance with certain statutory provisions, the failure of the governing body of the corporation to act in strict accordance with such provisions will not invalidate the bonds in the hands of a holder in due course, especially where, as in the instant case, the corporation is estopped from attacking the validity of the bonds by its recognition for a long time of their validity. In such case, the principle on which *Blackmore v. Duplin County*, 201 N. C., 243, 159 S. E., 354, was decided is not controlling.

See *Proctor v. Commissioners,* 182 N. C., 56, 108 S. E., 360, where it is said that in that case there had been no sale of the bonds proposed to be issued, and that for this reason the rights of purchasers for value, without notice and before maturity, were not involved. The judgment in the instant case is affirmed. There is

No error.