### ROBINSON v. GOLDSBORO.

(Filed May 11, 1904).

MUNICIPAL CORPORATIONS—*Bonds—Electric Company—Const. N. C., Art. VIII, sec. 4.*

> Where the charter of a city provides that bonds for electric lights may be issued when submitted to and approved by the voters, the city cannot issue such bonds without such vote.

ACTION by J. J. Robinson and others against the city of Goldsboro, heard by *Judge W. R. Allen* at chambers, Goldsboro, N. C., April 16, 1904.

The city of Goldsboro was incorporated by chapter 397, Private Laws 1903. Among other corporate powers conferred by the charter, the city was authorized to establish a system of sewerage, water-works, electric lights, etc., and for that purpose to purchase the system of water-works and electric lights then in operation in said city. The Board of Aldermen, for the purpose of providing the means with which to establish or purchase and maintain the said system of water-works, etc., and for certain other purposes set forth in the charter, were authorized to issue bonds of said city, "as and when the Board of Aldermen may determine, * * * from time to time to an amount not exceeding in the aggregate the sum of two hundred thousand dollars and to issue said bonds for any of said purposes, or for two or more, or for all." By section 65 of the charter, it is provided that before any of the bonds provided for shall be issued, the proposition shall be submitted to the qualified voters at an

election." * * * The time and manner of holding the election are provided for. Pursuant to the provisions of the charter, an election was held and an issue of bonds voted, for the specified purposes, to an amount fixed at said election. An issue of bonds to the amount of $2,500 for the purpose of purchasing the electric light plant was approved, and bonds issued in accordance therewith. The total amount of bonds voted and issued was $110,000. On April 14, 1904, the Board of Aldermen adopted a resolution reciting in the preamble thereof the purchase of the electric light plant; that said plant was inadequate to supply the city with light; the public necessity for an increase of its capacity with additional machinery, fixtures, etc.; the inability of the city to furnish adequate light without contracting a debt for the purpose of enlarging and increasing the capacity of the plant, etc.

The plaintiff, in behalf of himself and all other tax payers of such city, seeks to enjoin the Board of Aldermen from issuing such bonds, for that the proposition has not been submitted to the voters of the city. The Court below granted the injunction and the defendants appealed.

F. A. Daniels, for the plaintiff.
A. C. Davis, for the defendant.

CONNOR, J. The defendants rely upon the decision of this Court in Fawcett v. Mt. Airy, 134 N. C., 125, to sustain their resolution to issue the bonds without the approval of the voters of the city. It is there held that, in the absence of any restrictive provision in the charter or by special or general legislation, the power may be conferred upon municipal corporations to contract debts and issue bonds for necessary expenses, and that furnishing light and water is a necessary expense.

The facts set forth in the pleadings in this case, however,

bring it directly within the principle announced in *Wads-worth v. Concord,* 133 N. C., 587.   The charter expressly provides that bonds for the purpose set out may be issued to the amount of two hundred thousand dollars when the proposition has been submitted to and approved by the voters. The principle upon which that case is based is thus stated— quoting Dillon on Municipal Corporations, section 449 : "Re-specting the mode in which contracts by corporations should be made, it is important to observe that when, as is sometimes the case, the mode of contracting is specially and plainly pre-scribed and limited, that mode is exclusive and must be pur-sued, or the contract will not bind the corporation." The power to issue bonds for the purpose of establishing an electric plant (and we think this language includes making adequate provision for lighting the city) is expressly conferred subject to the approval of the qualified voters of said city.   Cer-tainly, until this power is exhausted, it excludes any other. It would be an idle thing for the General Assembly to pre-scribe the method by which and the terms upon which a municipal corporation could issue bonds, if, in disregard of such provisions it could proceed to do so.   It is clearly within the power of the General Assembly to restrict, which of course includes the power to prescribe, the terms upon which it may be exercised.   Const., Art. 8, section 4.   The judg-ment must be

Affirmed.

Douglas, J., concurring in result.   In concurring in the result of the opinion of the Court, it is perhaps needless to say that, in view of the uniform decisions of this Court, and my fixed convictions of constitutional obligation, I would have dissented in *Fawcett v. Mount Airy* had I been present when the opinion was filed.   My views have been so recently expressed in my concurring opinion in *Wadsworth v. Con-cord,* 133 N. C., 601, that it is useless to repeat them now.