GREENSBORO v. SCOTT.

(Filed April 18, 1905.)

*Municipal Corporations—Necessary Expenses, What are—
Bond Issue—Necessity for Popular Vote—Legislative Act.*

1.  An issue of bonds to provide a city with a water works plant, a
    sewerage system and for grading and paving its streets is for
    its necessary expenses and need not be submitted to a popular
    vote.

2.  Where an act of the legislature authorized a city to issue bonds
    for necessary expenses, upon a vote of the people and directed
    that they be sold for not less than par and the popular vote was
    had, but the bonds could not be floated at par, and a subsequent
    act authorized the city to "issue, sell and dispose of said issue
    of bonds" and to pay a commission brokerage of not more than
    6 per cent., their issuance created a valid indebtedness without
    a popular vote.

CONTROVERSY without action by the City of Greensboro against Scott and Stringfellow heard by *Judge T. J. Shaw* at CHAMBERS on March 30, 1905.

By chapter 80, Private Laws, 1903, the city of Greensboro was authorized to issue its bonds for an amount not exceeding two hundred and fifty thousand dollars, to run not less than thirty years and not more than fifty years, and to bear no greater rate of interest than five per cent, and containing a provision that the bonds should not be sold, hypothecated or disposed of for less than their par value.

It was further provided in said act that the proceeds of said bonds should be used for the following purposes and none other: Building, constructing and enlarging a water works plant to furnish water for the use of the city and its citizens; building, constructing and maintaining a sewerage system; grading, paving and macadamizing the streets of the city. Said act was not to become operative until after it had been submitted to an election of the voters of the city of Greensboro and approved by a majority thereof. The act authorizing said issue of bonds was read on three separate days in each house of the General Assembly and the ayes and noes entered upon the journals as required by the Constitution.

Subsequent to the passage of this act the board of aldermen of the city of Greensboro passed a resolution by which it was decided that said bonds should run for fifty years and bear interest at the rate of 4 per centum per annum, and for the purpose of authorizing said issue an election was called to be held in accordance with the laws of the State of North Carolina and the charter of the city of Greensboro.

Thereafter notice of election was published as required by law and the charter of the city of Greensboro, which said notice stated the time and place of holding said election, the amount of bonds to be issued for each purpose, but made no

reference whatever to the rate of interest said bonds should bear.

Thereafter the Legislature of North Carolina, at its session of 1905, passed an act, the preamble of which set forth the provisions of the act of 1903 in regard to the selling of the said bonds at not less than their par value, and further recited that it was impossible for the city of Greensboro to sell said bonds at par unless said city pay a commission brokerage to the party effecting said sale, but that by paying a commission brokerage of not more than 6 per cent the said city could sell its bonds and save its citizens and tax-payers several thousand dollars over and above the amount it would receive had it issued its bonds bearing 5 per cent interest and selling same at a premium of 108, the highest amount realized by the city at its last bond sale.

Thereupon said city advertised for bids, when and where Scott & Stringfellow, the defendants in this action, became the last and highest bidders, said bid being par and accumulated interest, less a commission brokerage of 5 33-100 per cent.

Proffer of delivery of said bonds was made to defendants and refused upon the ground that the issue of said bonds at less than par was invalid and the bonds would not be legal, valid and binding obligations of the city of Greensboro beyond the net sum (95 2-3 per cent.) paid. His Honor held otherwise and adjudged that the defendants could deduct 5 1-3 per cent of the face value of the bonds delivered to them. The defendants appealed.

*Scales, Taylor & Scales* for the plaintiff.
*F. H. Busbee & Son* for the defendants.

CLARK, C. J. The vote of the people having been given in approval of a proposition submitted to them by virtue of an act which forbade the bonds to be disposed of at less than

par, this transaction by which the defendants bid 5 1-3 per cen. less than par might well be invalid if the validity of these bonds depended upon the ratification of the issue there-of by the people as provided by Chapter 80 Private Laws, 1903, for the amount of the alleged brokerage, its payment to the purchasers, and the frank recital in the act of 1905 that the city of Greensboro could not dispose of its 4 per cent. bonds at par, tend strongly to show that the purpose of this latter act is to repeal the restriction in the act of 1903 against selling at less than par. *New York v. Sands,* 105 N. Y., 210.

The Act of 1905, "To allow the city of Greensboro to pay a commission for the sale of its four per cent bonds" recites said bonds and "authorized and empowered" the city to "issue, sell and dispose of the said issue of bonds of $250,000" at not less than par but to pay out of the same a commission brokerage of not more than 6 per cent. The object for which the bonds are issued i. e. to provide the city with a water works plant, a sewerage system and for grading and paving its streets, is for its necessary expenses, and hence the issue of bonds for such purpose need not be submitted to a popular vote. *Fawcett v. Mt. Airy,* 134, N. C., 125; *Davis v. Fremont,* 135 N. C., 538; *Tucker v. Raleigh,* 75 N. C., 271; *Wilson v. Charlotte,* 74 N. C., 748. In *Robinson v. Goldsboro,* 135 N. C., 382, the act requiring a popular vote had not been abrogated or modified by a subsequent act as in this case. The Constitution, Article VII., Section 7, requires a popular vote only for the creation of a debt other than "for the necessary expenses" of the municipal corporation. The authorization of the bonds by the Legislature of 1905 and their issuance by the city for such purposes create a valid indebtedness without a popular vote.

The judgment below, doubtless by inadvertence, adjudged the costs against the plaintiff, but the city did not appeal. The costs of the appeal will be taxed against the appellants.

No Error.