W. A. ELLISON ET AL. v. TOWN OF WILLIAMSTON ET AL.

(Filed 9 March, 1910.)

**Taxation—Bond Issues—Necessaries—Vote of People—Legislative Intent.**

While a municipality may ordinarily provide for the lighting of its streets by electricity, as a necessary expense, by an issue of bonds without submitting the question to the qualified voters, (Constitution, Art. VII, sec. 7), it may not do so when there is an existing special legislative act requiring it to be so submitted, whether the act in question be expressed in terms permissive or mandatory, for such a statute in either case is equivalent to a legislative declaration and requirement that the sense of the voters shall be had before the undertaking is entered upon. Constitution, Art. VIII, sec. 4.

APPEAL from *Cooke, J.,* at December Term, 1909, of MARTIN.

Civil action, heard on return to a preliminary restraining order.

On the hearing it was made to appear that on 15 September, 1909, the town authorities had formally passed the following resolutions:

"Whereas, experience has demonstrated the necessity for providing a system of lighting the streets of said town, and that all experiments herebefore made to do so have proved unsuccessful; and whereas, upon careful investigation, the board has ascertained that an electric light plant can be installed of sufficient capacity to furnish lights for the town and its inhabitants at a cost of eight thousand dollars: We therefore declare the installment of an electric light plant for the said town is a public necessity, and that it is necessary to contract a debt of $8,000 for such purpose. It is therefore resolved to issue bonds in said amount of $8,000, each carrying interest at 6 per cent, payable semi-annually, and to mature twenty years from date. The said bonds shall not be sold for less than par, and the proceeds of such sale shall not be used for any other purpose than the purchase and establishment of said plant.

"It is also resolved that a tax of 16⅔ cents on property, 50 cents on each poll, in addition to the municipal taxes as now collected, be levied for the payment of the interest on said bonds and a sinking fund to pay the principal at maturity.

"Above resolutions adopted at a meeting of the town commissioners 15 September, 1909, and ordered to be spread upon minutes as a record thereof."

That said authorities were entering into a contract for the purpose indicated, and were proceeding in other respects to carry out the terms of the resolutions, when stayed by prelim-

inary order issued in the cause. That the acts of the Legislature bearing on the question presented, and relevant to the inquiry, were Private Laws 1901, ch. 129; Private Laws, amending said chapter, 1907, ch. 146, and the general provisions of Revisal, ch. 73, particularly sec. 2924, to the extent that these general provisions were unaffected by the special legislation referred to.

It was admitted that the proposition had not been submitted to the voters of the town. There was evidence tending to show that the special-tax levy, contemplated and directed by the resolution, would exceed the amount permitted by the terms of section 2924 of the Revisal, referred to. The court entered judgment making the restraining order perpetual, and defendants excepted and appealed.

*A. R. Dunning* for plaintiff.
*H. W. Stubbs* for defendant.

HOKE, J., after stating the case: Chapter 146, Private Laws of 1907, this being the statute more directly applicable to the question presented, after conferring on the Town Commissioners of Williamston "the power, if they deemed best, to submit to the voters of the town a proposition to issue bonds in the amount of $10,000 for the purpose of building a town hall," contains the following provision:

"*Provided further,* that if the commissioners shall desire to hold similar elections for the issue of bonds or to borrow money for any municipal improvements, as electric lights, sewerage, waterworks or street improvements, and shall so vote at two separate meetings, not coming within two months of each other, and shall record such vote in their minutes, and have a majority present and a majority voting in favor of it at each meeting, they may order an election held in the same manner as above stated, by complying in every way with the full meaning and form of this act. Said elections shall be held as are elections of town officers, and no new registration had unless required by said commissioners."

And we hold it to be a proper construction of the statute, and others of similar import, that where a legislature confers power upon a municipal corporation to submit the question of a bond issue for an enterprise of this character to the voters of a municipality, and the statute is still in effect, it is equivalent to a legislative declaration and requirement that the sense of the voters shall be had before the undertaking is entered upon. True, we have decided in several of the more recent cases that where the question is presented as an open proposition, the

ELLISON v. WILLIAMSTON.

obligations of the municipality incurred for the purpose indicated should be considered a necessary expense, that they do not come within the constitutional provision as to incurring municipal indebtedness, contained in Article VII, sec. 7, and that no vote of the people is ordinarily required. *Bradshaw v. High Point,* 151 N. C., 517; *Webb v. Commissioners,* 148 N. C., 120; *Fawcett v. Mount Airy,* 134 N. C., 125. But these and other decisions are also to the effect that, while there is no definite constitutional restraint in reference to indebtedness of this character, the question continues to be a matter of legislative regulation, and that the limitations and restraints established by the statute-law must always be observed and complied with.

Speaking to this question, in *Webb v. Commissioners, supra,* the Court said: "While there is no constitutional inhibition, however, on the issuance of these bonds, the authorities with us are to the effect that when the charter of a municipality, or general or special legislation applicable to the question, requires or provides that a proposition to incur an indebtedness or issue bonds for a given purpose shall be submitted to the voters of a town for their approval, this will amount to a statutory restriction, and such indebtedness shall not be incurred unless the measure has been sanctioned and approved by the voters, according to the provisions of the statute; and this though such indebtedness is properly classed as a necessary expense." Citing *Robinson v. Goldsboro,* 135 N. C., 382; *Wadsworth v. Concord,* 133 N. C., 587.

Although the framers of our Constitution did not deem it expedient to fix the definite restraint on incurring indebtedness for necessary municipal expenses contained in Article VII, sec. 7, for reasons indicated in *Perry v. Commissioners,* 148 N. C., 521, they were so deeply sensible of the importance of the subject, and of the dangers that might arise from an unlimited power to contract debts, even for necessary purposes, that they incorporated a provision as follows:

"Article VIII, sec. 4. It shall be the duty of the Legislature to provide for the organization of cities and incorporated villages, and to restrict their power of taxation, assessment, borrowing money, contracting debts and loaning their credit, so as to prevent abuses in assessments and in contracting debts by such municipal corporations."

We are, therefore, acting in furtherance of this salutary provision of our organic law, as well as applying accepted principles of statutory construction in holding, as stated, that when a statute of the Legislature provides for an election on a proposition of this character, to incur a given indebtedness, even for

a necessary expense, and the statute is still in force, such an act is expressive of a legislative requirement that before the enterprise may be entered upon an election must be held, whether the act be expressed in terms permissive or mandatory, and that any effort of the authorities to proceed without the sanction of popular approval so obtained would be without warrant of law. To hold otherwise would be to declare that an act of our Legislature, deliberately and formally passed, was utterly without significance.

There is nothing in this position that militates against the decisions of our Court on this subject, so far as we have examined. In *Bradshaw's case, supra,* the act providing for a popular vote was held to have been repealed by a subsequent statute. In the case of *Greensboro v. Scott,* 138 N. C., 181, the same fact was in evidence; that the act directing an election had been, in effect, repealed. And the present Chief Justice, distinguishing the case from that of *Robinson v. Goldsboro, supra,* among other things, said: "In *Robinson v. Goldsboro,* 135 N. C., 382, the act requiring a popular vote had not been abrogated or modified by a subsequent enactment."

In *Fawcett's case, supra,* the commissioners of Mount Airy had been empowered to submit to the voters a proposition to issue bonds to the amount of $50,000 for the purpose of "procuring for the town a system of waterworks and installing an electric plant to furnish the town with water and light." The election was held, the measure approved, and the bonds issued and sold. It was subsequently disclosed that the bonds issued pursuant to this election were not sufficient for the purpose, and the commissioners, acting under the general authority vested in them by the law, issued bonds for the remainder of the cost.

There, as stated, the measure had been approved, and a bond issue for the amount had been issued and disposed of. The force and effect of the act was at an end, and the statute having fixed no limit on the amount, as in *Burgin v. Smith,* 151 N. C., 561, it was held that the question as to residue of the required expenditure was an open proposition to be dealt with by the municipality under its general power to provide for the necessary expenses of the town. In the case at bar, however, the statute providing for a popular election being now in force, this requirement must be complied with before the undertaking may lawfully proceed.

The Court being of opinion that the municipal authorities are thus far without power to issue the bonds, it is not necessary to consider or determine the effect of an excessive tax levy. In *Commissioners of Pitt County v. MacDonald,* 148 N. C., 125, we have held, in effect, that when a bond issue has been otherwise

properly made, the validity of such bonds will not be affected by the fact that in a given year the tax rate allowed by the law was insufficient to enable the county to make a present payment thereon; and this principle would seem to accord with the defendant's view as to the effect of the tax levy being excessive. But this has ceased to be of importance, as we have held that the entire enterprise is without warrant of law until the question had been submitted to a vote of the people in the way the statute provides.

We are of opinion, therefore, that the restraining order was properly made perpetual, and the judgment of his Honor to that effect must be affirmed.

Affirmed.