W. R. BLACKMORE ET AL. v. DUPLIN COUNTY ET AL.

(Filed 2 July, 1931.)

1. **Taxation A f—Statutory procedure for issuance of bonds must be strictly followed.**

   A county proceeding under the County Finance Act to refund its indebtedness must act strictly according to the procedure prescribed by the statute, and section 17 of the act provides that after hearing the governing body may pass an order in the form of its introduction or in an amended form, but that the amount of the issue shall not be increased nor the purpose of the issuance substantially changed by the amendment unless due notice and opportunity of hearing as required by the act shall be given, and where the governing body of a county substantially changes the purpose of the proposed issue by amendment without notice and an opportunity of hearing as prescribed by the act it is sufficient to invalidate the proposed bonds.

2. **Appeal and Error A e—The Supreme Court will not anticipate questions of constitutional law.**

   Appellate courts will not anticipate questions of constitutional law in advance of the necessity of deciding them, nor give advisory opinions on constitutional questions.

APPEAL by plaintiff from *Small, J.,* 10 June, 1931, at Chambers, Kinston. From DUPLIN.

Controversy without action submitted on an agreed statement of facts.

The plaintiff, a resident taxpayer of Duplin County, seeks to enjoin the defendants from issuing bonds to fund the present outstanding indebtedness of the county as "for a special purpose," which the defendants are attempting to do under "The County Finance Act," chapter 81, Public Laws 1927, as amended by the "Local Government Act," chapter 60, Public Laws 1931.

Prior to 3 March, 1931, Duplin County had incurred an indebtedness for necessary expenses, including upkeep of roads and bridges, and the payment of maturing bonds and interest, and money borrowed to meet said expenses, itemized in the record as follows:

Tax Anticipation Note (dated 5 December,
1930, due 5 June, 1931) ............ ... .. ... ... $ 40,000.00
Tax Anticipation Note (dated 18 February,
1931, due 18 July, 1931)........ .... ... ... ....... . 50,000.00
Part balance due on road and bridges—28
April, 1931 .... ........... ..... ................... ......... ... 8,000.00
                                                    _____
                                                    $ 98,000.00

A resolution looking to the funding of this indebtedness was introduced 11 May, 1931, before the governing body of the county as required by section 9 of the County Finance Act and duly published in *The Duplin Journal* on 14 and 28 May, and 4 June, agreeably to the provisions of section 16 of said act.

No protest against the issuance of the bonds having been made by any citizen or taxpayer on 25 May, the day fixed therefor under authority of section 17 of the County Finance Act, the resolution was finally adopted by the board of commissioners.

There was nothing in the resolution or in the publication thereof to indicate that the funding of the indebtedness was to be "for a special purpose" or that a tax in excess of the 15 cents on the $100 valuation would be levied to pay the same.

On 8 June, at an adjourned meeting of the board of commissioners of Duplin County, an amendatory resolution was adopted setting forth that the necessary expenses of the county chargeable to the general county fund for the fiscal year beginning 1 July, 1931, will require the levying of a tax to the full constitutional limit of 15 cents on the $100 valuation of property, making it impossible to care for the above indebtedness out of said tax levy and carry on the necessary operations of the county, and by reason of the unusual depression now prevailing, it has been found impossible to collect sufficient taxes to meet said obligations; and the "board of commissioners of Duplin County finds as a fact that an emergency exists by reason of the present extraordinary financial condition and that the issuance of the said funding bonds 'for a special purpose' is necessary, in fact, the only means of meeting said indebtedness, and that said bonds are issued with the special approval of the General Assembly."

From a judgment denying the injunctive relief sought and adjudging "that the funding bonds in the sum of ninety-eight thousand dollars ($98,000), authorized to be issued by the board of commissioners of Duplin County, and to be advertised and sold by the Local Government Commission of North Carolina, by Chas. M. Johnson, Director of Local Government and Executive Secretary of said Local Government Commission, are valid and legal and are authorized by legal authority, and that the levy of the tax is not prohibited by the Constitution of North Carolina," the plaintiff appeals, assigning errors.

*L. A. Beasley* for *plaintiff.*
*Rivers D. Johnson, Wm. Henry Hoyt* and *J. T. Gresham, Jr.,* for *defendants.*

STACY, C. J., after stating the case: While there is nothing in the judgment of the Superior Court to indicate that the proposed funding bonds are declared valid and duly authorized as "for a special purpose,"

it may fairly be assumed that such is the meaning and intent of the judgment. It is so debated on brief, and this was the interpretation given to it on the argument.

The defendants are proceeding under "The County Finance Act," as amended, but the record shows that some of its requirements have not been observed.

Section 17 provides that after hearing the protest, if any, against the issuance of the proposed bonds on the day fixed therefor, "the governing body may pass the order in the form of its introduction, or in an amended form, but the amount of the bonds to be issued shall not be increased by such amendment, nor the purpose of the issuance substantially changed, without due notice and hearing as above required."

The purpose of the issuance, it will be observed, is substantially changed by the amendatory resolution adopted on 8 June. This was without notice or hearing.

Furthermore the time allowed by section 21 of the County Finance Act for filing with the clerk a petition for a referendum on the bond order, to wit, "thirty days after the first publication of the order," had not expired at the time of the adoption of the amendatory resolution, nor had it expired at the time of the submission of the present controversy on 10 June. But the substantial change in the purpose of the issuance of the bonds without notice or opportunity of hearing, is sufficient to invalidate them. *Markham v. Carver,* 188 N. C., 615, 125 S. E., 409.

Where the Legislature has prescribed a method of procedure in a matter of this kind, and such procedure is sought to be followed, the statutory provisions on the subject are controlling. *Proctor v. Commissioners,* 182 N. C., 56, 108 S. E., 360; *Owens v. Wake County,* 195 N. C., 132, 141 S. E., 546; *Hendersonville v. Jordan,* 150 N. C., 35, 63 S. E., 167; *Commissioners v. Webb,* 148 N. C., 120, 61 S. E., 670; *Robinson v. Goldsboro,* 135 N. C., 382, 47 S. E., 462. Indeed, in certain instances, the legislative method and the requirements thereof, whether expressed in permissive or mandatory terms, are declared to be exclusive and binding on those chargeable with the execution of such powers. *Ellison v. Williamston,* 152 N. C., 147, 67 S. E., 255; *Wadsworth v. Concord,* 133 N. C., 587, 45 S. E., 948.

It should be observed, perhaps, that the point upon which the case is made to turn here was not debated in the court below. But it is a rule of appellate courts not to anticipate questions of constitutional law in advance of the necessity of deciding them; nor do they venture advisory opinions on constitutional questions. *Wood v. Braswell,* 192 N. C., 588, 135 S. E., 529; *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481.

For the reason stated, plaintiff is entitled to the relief demanded.

Error.