WESTERN CAROLINA POWER COMPANY v. BURKE COUNTY.

(Filed 16 September, 1931.)

**1. Taxation C d—Order of county board of equalization and review for horizontal reduction in valuations on property is erroneous.**

The board of commissioners of a county when sitting as the statutory board of equalization and review of the county must observe certain statutory rules in reviewing the valuations placed upon property by the local assessors, and it is required that they shall raise the valuation on such property as in their opinion has been returned below its true value and reduce the valuation of such property as in their opinion has been returned above its true value, and an order by such board of equalization and review making a horizontal reduction in all the valuations returned by the local assessors is erroneous.

**2. Same—Order of Board of Equalization and Review for horizontal reduction of valuations, while erroneous, is not void.**

Where the board of county commissioners while sitting as the statutory board of equalization and review of the county makes an order for the horizontal reduction in the valuations placed on property in the county by the local assessors, such order is erroneous, but it is not void, the board having jurisdiction of the subject-matter and the parties interested therein, and having the power to accomplish the result of the order upon its finding that it would place each tract of land on the tax books at its true value in money, but such order is subject to review by the State Board of Assessment upon complaint of any taxpayer of the county.

3. **Taxation E c—Board of Equalization order for horizontal reduction in valuations may not be collaterally attacked in action to recover tax.**

An order of the board of equalization and review of a county for a horizontal reduction in the valuations placed on property in the county by the local assessors, although erroneous, is not void, and it may not be collaterally attacked in an action to recover a part of the taxes paid by the plaintiff under protest.

4. **Taxation C c—State Board of Assessment has authority to interfere with order of County Board of Equalization for horizontal reduction in valuations.**

Upon appeal to the State Board of Assessment from the valuation placed on the plaintiff's property the State Board has the authority to interfere with an order of the county board of equalization and review making a horizontal reduction in the valuations placed upon property by the local assessors, but where the State Board reduces the valuation placed on the plaintiff's property and erroneously holds that it cannot interfere with the order for such horizontal reduction, the holding of the State Board is binding on the plaintiff and all other taxpayers until set aside by a court of competent jurisdiction in a hearing upon a writ of *certiorari.*

APPEAL by both plaintiff and defendant from *Shaw, Emergency Judge,* at September Term, 1930, of BURKE. Affirmed in both appeals.

This is an action to recover a sum of money paid by plaintiff to defendant as taxes on property, real and personal, in Burke County for the year 1927. Plaintiff alleges that the amount levied and assessed on its property in Burke County for the year 1927 by the board of commissioners of said county was computed at illegal rates, for that said rates, as applied to its property, exceeded the lawful rates of taxation on property in said county for said year. This allegation is denied by defendant.

The total amount levied and assessed on plaintiff's property, real and personal, in Burke County, as taxes for the year 1927, was $64,435.80. On 20 June, 1928, plaintiff paid this sum to the sheriff of Burke County. At the time said payment was made, plaintiff notified the said sheriff, in writing, that same was made under protest, for that said amount exceeded the amount of taxes lawfully due on its property. Thereafter, and in apt time as provided by statute, plaintiff demanded that defendant refund to it the sum of $10,512.12, for that the amount paid by plaintiff exceeded by said sum the amount lawfully due by plaintiff as taxes on its property for the year 1927. Upon defendant's failure and refusal to refund said sum to plaintiff, this action was begun on 27 November, 1928, in the Superior Court of Burke County.

The property, both real and personal, owned by plaintiff and located in Burke County, was valued by the local assessors of said county for taxation, as of 1 May, 1927, at $11,055,024.66. Its real estate was

valued at $11,028,325.00. Real estate in Burke County, other than that owned by plaintiff and by other corporations, which was valued by the State Board of Assessment for taxation, as provided by statute, was valued by the local assessors at $18,477,273.00, as of 1 May, 1927. Within apt time as provided by statute, plaintiff filed with the board of commissioners of Burke County, sitting as the board of equalization and review of said county, its protest against the valuation of its property as made by the local assessors, contending that said valuation exceeded the true value in money of its real estate. This protest was heard and duly considered by said board.

On 15 September, 1927, at a meeting of the board of equalization and review of Burke County, the following resolution was adopted:

"Whereas it appears to the satisfaction of the board of commissioners of Burke County, sitting as the board of equalization and review of said county, pursuant to the provisions of section 108 of chapter 71, Public Laws 1927, and of the Machinery Act, that the real estate in said county should be reduced to seventy-five per cent of the assessment thereof as made by the local assessors, to the end that said real estate may be entered upon the tax books at its true value in money;

"Now, therefore, be it resolved by the board of commissioners of Burke County, sitting as the county board of equalization and review, in meeting assembled on this the 15th day of September, 1927, that the valuations placed upon real estate in said county by the local assessors for the year 1927, be and the same are reduced twenty-five per cent, and that said real estate be and the same is hereby listed and valued for the purpose of taxation at seventy-five per cent of the valuation placed thereon by the local assessors."

In accordance with the order contained in the foregoing resolution, the real estate owned by the plaintiff and located in Burke County was reduced in value from $11,028,325.00 to $8,291,296.00. The other real estate in said county which had been valued by the local assessors at $18,477,273.00, was reduced in value to $13,835,455.00. After this reduction, the board of commissioners of Burke County levied a tax on all property, real and personal, in said county for the year 1927, for general county purposes, at the rate of $1.00 on the $100.00 valuation. At the same time, the said board levied certain special taxes on property in certain townships, school and road districts of said county, in which property owned by plaintiff was located, at rates determined by said board. These rates for both general county and special purposes, were determined and levied on valuations made by the board of equalization and review, and not on the valuation made by the local assessors.

POWER CO. *v.* BURKE COUNTY.

After the rates of taxation on property, both real and personal, had been determined and levied by the board of commissioners of Burke County, plaintiff applied to the said board, as the board of equalization and review, for a further reduction in the value of its real estate, contending that the valuation of $8,291,269.00, as fixed by said board, exceeded the true value in money of said real estate. This application was heard and duly considered by said board. On 24 September, 1927, the said board adopted a resolution as follows:

"Whereas, the Western Carolina Power Company has heretofore filed a complaint wherein it claims that its property located in Burke County on 1 May, 1927, has been over-valued by the board of assessors of Burke County for purposes of taxation, and wherein it asks that the valuations placed upon such property by said assessors be reduced; and,

"Whereas, the board of commissioners of Burke County have considered the application of the said Western Carolina Power Company for the reassessment of its property in said county, and said Western Carolina Power Company has been heard upon said application and complaint; and

"Whereas, the board of commissioners of Burke County are of opinion that the valuation placed upon the property of said Western Carolina Power Company by said board of assessors should be approved and confirmed as hereinafter recited;

"Now, therefore, be it resolved by the board of commissioners of Burke County, in meeting assembled, that the said board of commissioners do hereby approve and confirm the valuation fixed by the board of assessors upon the property of the Western Carolina Power Company in Burke County, subject to the terms of the general equalization order made with respect to the real estate in Burke County by the said board of commissioners and by the board of equalization and review of said county on 15 September, 1927."

On 28 September, 1927, plaintiff caused to be served on the board of commissioners of Burke County notice of its appeal from the order contained in the resolution of said board, dated 24 September, 1927, to the State Board of Assessment, on the ground that the valuation of its property made by the local assessors and by the board of commissioners of Burke County, sitting as the county board of equalization and review was "erroneous, illegal, excessive, unjust and discriminatory against it."

Upon the hearing of said appeal by the State Board of Assessment, the valuation of the real estate owned by plaintiff and located in Burke County was finally fixed by the order of said State Board of Assessment, dated 30 May, 1928, at $5,796,565.00, as of 1 May, 1927. This order contains a paragraph as follows:

11—201

"In making the aforesaid reduction in the assessed value of the property of the Western Carolina Power Company, the said Board of Assessment carefully considered all the elements of the proposition and especially the actual value of such property as of 1 May, 1927; being of the opinion when they reached that point, that they had no authority to make a reduction less than the actual value of such property. As to the action of the equalization board of Burke County in applying the 25 per cent reduction, this board is of the opinion that it cannot interfere. Whether that has produced a want of uniformity, this board does not attempt to say, that being a matter for the courts."

The taxes, for both general county and special purposes, levied and assessed by the board of commissioners of Burke County on the property, both real and personal, of the plaintiff for the year 1927, were computed at the rates determined and fixed by the board of commissioners of Burke County on 15 September, 1927, on the valuation of said property made by the State Board of Assessment on 30 May, 1928, to wit: $5,796,365.00; they were not computed on the valuation made by the local assessors, to wit: $11,028,325.00, or on the valuation made by the board of equalization and review by its order dated 15 September, 1927, to wit: $8,291,269.00. The total amount of the taxes so computed was paid by the plaintiff on 20 June, 1928.

. The taxes, for both general county and special purposes, levied and assessed by the board of commissioners of Burke County, on property other than property owned by plaintiff in said county, were also computed at the rates determined and fixed by the board of commissioners of Burke County on 15 September, 1927, on the valuations made by the county board of equalization and review, pursuant to its order dated 15 September, 1927, to wit: $13,835,455.00; they were not computed, levied or assessed on the valuations made by the local assessors, to wit: $18,477,273.00.

If the valuations made by the local assessors of Burke County had not been reduced by the board of equalization and review, and if such valuation had been adopted by the board of commissioners of Burke County in determining the rates of taxation required to produce revenue necessary to meet the expenses of said county for the year 1927, the rates of taxation would have been less than those determined and fixed by the said board, and the total amount levied and assessed as taxes on the property of the plaintiff would have been less than the amount which plaintiff was required to pay and did pay.

Plaintiff contends that the order of the board of equalization and review of Burke County, dated 15 September, 1927, is void, for that said board was without power to order a horizontal reduction in the valua-

tion of real estate in said county as made by the local assessors, and that therefore the legal rates of taxation for both general county and special purposes, were less than the rates at which the taxes on its property were computed.

By this action plaintiff seeks to recover of the defendant the sum by which the amount which it was required to pay and did pay as taxes on its property exceeds the amount for which it was liable at the legal rates of taxation.

The referee, to whom the action was referred, by consent, for trial, upon the facts found by him, concluded that plaintiff is not entitled to recover, and that the motion of defendant, made at the conclusion of all the evidence submitted at the trial, for judgment as of nonsuit should be allowed.

The action was heard in the Superior Court on exceptions filed by both plaintiff and defendant. These exceptions were overruled.

From judgment in accordance with the report of the referee that plaintiff recover nothing of the defendant, and that defendant go without day, and recover its costs of the plaintiff, both plaintiff and defendant appealed to the Supreme Court.

*John M. Mull, S. J. Ervin, Sr., W. S. O'B. Robinson, J. C. McGowan and J. H. Marion for plaintiff.*
*I. T. Avery, F. C. Patton and Joe W. Ervin for defendant.*

CONNOR, J. On its appeal to this Court, defendant assigns as error the refusal of the judge of the Superior Court to sustain its exception to the first conclusion of law made by the referee and fully set out in his report. This conclusion of law is as follows:

"1. That the board of commissioners of Burke County, in discharging the duties and in exercising the powers conferred upon it by statute as a board of equalization and review (C. S., 7971(48) and C. S., 7971(88), had only such powers as were expressly or by implication conferred upon it by statute; and that it had no power either express or implied to make a horizontal reduction in the value of the real estate in the county as fixed by the local assessors."

This assignment of error cannot be sustained. There is no error in the referee's first conclusion of law, or in the refusal of the judge to sustain defendant's exception thereto.

The board of commissioners of each county in this State is constituted by statute the board of equalization and review of the county, with respect to the assessment for taxation of all property, real and personal, subject to taxation by the county. The powers of the board are prescribed by statute; they are commensurate with the duty imposed

on the board by statute. It is the duty of the board to equalize in value all tracts or parcels of land, and all articles of personal property in the county to the end that each shall be assessed for taxation at its true value in money. Each tract or parcel of land in the county is valued in the first instance by the local assessors. Such valuation is subject to review by the board, which has the power to equalize the valuations made by the local assessors. In discharging this duty, the board is governed by certain rules prescribed by statute. These rules are as follows:

"(1) They shall raise the valuation of such tracts or lots of real or articles of personal property, except such as are specifically exempt by law, as in their opinion have been returned below their true value, to such price or sum as they may believe to be the true value thereof.

(2) They shall reduce the valuation of such tracts and lots, or articles of personal property as in their opinion have been returned above their true values, as compared with the average valuation of real and personal property of such county.

In regard to real property, they shall have due regard to the relative situation, quality of soil, improvements, natural and artificial advantages possessed by each tract or lot."

The method adopted by the board of equalization and review of Burke County for the discharge of its duty with respect to the equalization of the values of real estate in said county, as shown by the resolution dated 15 September, 1927, was not in accordance with these statutory rules. The order for the horizontal reduction of the valuations made by the local assessors, was erroneous; it was not, however, void, for the county board of equalization and review had jurisdiction of the subject-matter with which it was dealing and of the parties interested therein. It also had the power to grant the relief contained in the order. *Ellis v. Ellis,* 190 N. C., 418, 130 S. E., 7. As the result of the order made by the board on 15 September, 1927, directing a horizontal reduction in the valuation of all real estate in the county as made by the local assessors, each tract or parcel of land in the county was assessed for taxation at its true value in money, as found by the board of equalization and review. Thus while the method adopted by the board was erroneous, the result accomplished by its order was within its power, as prescribed by statute. The order was subject to review by the State Board of Assessment, upon complaint by any taxpayer of Burke County, or upon its own initiative. C. S., 7971(5), subsection 3.

Plaintiff's assignments of error, chiefly relied upon on its appeal to this Court, are predicated upon its contention that the order of the board of equalization and review of Burke County, dated 15 September, 1927,

and resulting in the horizontal reduction in the valuations of real estate in said county as made by the local assessors, is void, and not merely erroneous, and is therefore subject to collateral attack in this action. This contention cannot be sustained.

The validity of this order was presented to and considered by the State Board of Assessment by plaintiff's appeal. The holding of the State Board of Assessment that it could not interfere with said order, was erroneous, but binding on plaintiff and all other taxpayers, until set aside by a court of competent jurisdiction in a hearing upon a writ of *certiorari*. *Caldwell County v. Doughton*, 195 N. C., 62, 141 S. E., 289. There is no error in the judgment. It is

Affirmed.