CHOWAN COUNTY, JULIEN WOOD, CHAIRMAN, W. T. SATTERFIELD, A. D. WARD, J. A. WEBB, AND W. H. WINBORNE, COUNTY COMMISSIONERS, G. W. GOODWIN, SHERIFF, AND GEORGE C. HOSKINS, COUNTY TREASURER, V. THE COMMISSIONER OF BANKS LIQUIDATING THE CITIZENS BANK.

(Filed 27 April, 1932.)

1. **Taxation C c—Commissioner of Revenue is without power to cancel assessment of corporate excess of bank upon its later insolvency.**

The statutory method by which the valuation of the corporate excess of a corporation is fixed for taxation, with the procedure for appeal by the corporation to the courts of the State, must be strictly followed, and where the State Board of Assessment has passed upon the statement of a bank and fixed the value of its corporate excess and later has reduced the assessment thereof, to which the bank makes no exception, the Commissioner of Revenue is without authority upon the subsequent failure and receivership of the bank to cancel the assessment fixed by the board, and the tax thereon may be recovered by the county. Public Laws of 1929, chap. 344, secs. 600, 603.

2. **Same—Valuation of corporate excess is fixed as of first April and subsequent insolvency of corporation cannot affect regular assessment.**

Under the provisions of chapter 344, Public Laws of 1929, secs. 600, 603, the valuation of the corporate excess of a corporation for the purpose of taxation by the counties is fixed as of 1 April, and taxes must be paid by the corporation upon the valuation then so fixed unless modified by the State Board of Assessment in accordance with the prescribed statutory procedure, and where the assessment of a banking corporation is regularly made by the State board from which no appeal is taken, the subsequent insolvency of the bank cannot affect the assessment made in accordance with the statutory procedure.

3. **Banks and Banking H e—Liquidating agent of bank must be sued in his individual name and not in the name of his office.**

In an action against the Commissioner of Banks he must be sued in his individual name as such and not in the name of his office, but a defect in this respect may be cured by amendment.

APPEAL by defendant from *Frizzelle, J.,* at September Term, 1931, of CHOWAN. Affirmed.

On 26 April, 1930, the Citizens Bank, located at Edenton, Chowan County, N. C., filed with the State Board of Assessment in compliance with section 600 of the Machinery Act of 1929 (chapter 344, Public Laws of 1929) its annual report for assessment and taxation as of 1 April, 1930, accompanied by a statement of its condition as of 1 April, 1930, and showing the value of said stock over and above the value of property listed locally to be $24,816.75. Thereupon the value of said

corporate excess of the stock was tentatively fixed by said ·board or by the Commissioner of Revenue at the amount shown by the report and the bank was notified accordingly.

The bank protested that this valuation was too high and the protest was acted upon at a meeting of the board on 10 June, 1930, and "after careful consideration" the board reduced the value and fixed it at $19,375 and so notified the bank on 12 June, 1930. No further protest was made nor any appeal taken by the bank from this decision and the State Board of Assessment in due course on 1 August, 1930, certified this final valuation to the register of deeds of Chowan County who placed it on the assessment roll of taxable property in the county for that year.

During July, 1930, final values of all taxable property listed in Chowan County as of 1 April, 1930, were fixed and determined by the county commissioners acting as the board of equalization and review and thereafter the commissioners levied county taxes for that year at the rate of $1.28 on the $100 of valuation, being $251.87 on the $19,375 valuation of the corporate excess of the stock of the Citizens Bank, as will appear by mathematical calculation.

The bank closed on 27 December, 1930, and was taken over for liquidation by the Corporation Commission and its successor, the defendant, Commissioner of Banks. County taxes had not been paid. On 11 February, 1931, the State Liquidating Agent, acting under the Corporation Commission or its successor, the defendant wrote to the Commissioner of Revenue asking that the valuation of the corporate excess of the capital stock of the bank as of 1 April, 1930, be canceled and on 17 February the Commissioner of Revenue, acting by his assistant and without action by the State Board in meeting, wrote to the county accountant requesting that the said valuation as previously determined and certified by the board be stricken out. All of this was done without notice to Chowan County or its officials.

The county officials refused to comply with the request. The liquidating agent, acting under the Commissioner of Banks, paid the taxes levied on the property listed locally without prejudice to the question of liability for the tax on the corporate excess. The county filed a claim for the tax on the corporate excess in accordance with the law relating to the liquidation of banks, which was rejected and this action was begun on said claim. N. C. Code (Anno.) of 1931 (C. S., 218(c), (10) and (11).

The court below rendered judgment for the county. The defendant excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

22—202

*W. D. Pruden for plaintiffs.*
*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Siler and W. S. Privott for defendant.*

CLARKSON, J. The question involved: Under the circumstances of this case did the Commissioner of Revenue, after the assessment was regularly made and no appeal taken in accordance with the statute, have authority to strike out an assessment of the value of the "corporate excess" of the capital stock of the Citizens Bank, made by the State Board of Assessment and certified to Chowan County, and thereby prevent the collection of taxes levied thereon by the county? We think not.

Sections 600 and 603 of the Machinery Act of 1929 (Public Laws 1929, chap. 344), provide the method by which the State Board of Assessment shall assess the value of stock in banks and other corporations. Provision is made and time limit set in which the taxpayer may, if not satisfied, appeal to the Superior Court and then to the Supreme Court.

In the present case there was no appeal taken by the bank in accordance with the statute. On 1 August the excess $19,375 was certified to Chowan County, N. C.

Section 603(6) of the act, *supra,* is as follows: "The State Board of Assessment shall, on or before the first day of August of each year, certify to the register of deeds of the county in which such corporation, limited partnership or association has its principal office or place of business, the total value of the capital stock of such corporation, limited partnership or association as determined in this section; *and such corporation, limited partnership or association shall pay the county, township, city or town tax upon the valuation so certified.*" (Italics ours.)

In *Mfg. Co. v. Commissioners of Pender,* 196 N. C., at p. 748, citing numerous authorities, we find: "A taxpayer who does not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax cannot be heard by a judicial tribunal to assert its invalidity. Our State decisions to the extent they have dealt with the subject are in full approval of the principle, holding that a taxpayer must not only resort to the remedies that the Legislature has established, but that he must do so at the time and in the manner that the statutes and proper regulations provide." An appeal in the above case was taken to the Supreme Court of the United States, and in *Garysburg Manufacturing Company v. Board of Commissioners of Pender County,* 280 U. S., 52, is the following: "28 October, 1929. *Per Curiam:* The appeal is dismissed for the reason that the judgment of the State court sought

hereto be reviewed was based on a non-Federal ground adequate to support it," citing authorities. *Blackmore v. Duplin County,* 201 N. C., 245; *Power Co. v. Burke County,* 201 N. C., 318; *Hooker v. Pitt County, ante,* 4.

The State Board of Assessment, "after careful consideration," fixed the value for taxation at $19,375.

In *R. R. v. Lenoir County,* 200 N. C., at p. 496, the following is stated: "We have held that while a board of county commissioners cannot with retroactive effect change a tax which it has purposely imposed in the way the law prescribes, it may correct an erroneous entry upon the minutes so that the record shall, in the language of the law, 'speak the truth' concerning the tax. *R. R. v. Reid,* 187 N. C., 320; *R. R. v. Forbes,* 188 N. C., 151; *R. R. v. Cherokee County,* 195 N. C., 756." *Oliver v. Highway Commission,* 194 N. C., 380; *R. R. v. Cherokee County,* 194 N. C., 781.

There was no erroneous entry in the present case. It is mandatory on the bank to pay the taxes on the shares of stock. Section 600(6) of the act, *supra,* is as follows: "The taxes assessed upon the shares of stock of any such banking associations, institutions or trust companies shall be paid by the cashier, secretary, treasurer, or other officer or officers thereof, and in the same manner and at the same time as other taxes are required to be paid in such counties, and in default thereof such cashier, secretary, treasurer, or other accounting officer as well as such banking association, institution or trust company shall be liable for such taxes and in addition thereto for a sum equal to ten per cent thereof," etc.

Plaintiffs contend that the attempt by the defendant and the Commissioner of Revenue to strike out the valuation of the stock was not only unauthorized but expressly prohibited by statute. The contention is correct.

The plaintiffs contend: "Under the law all property must be listed, and its value assessed for taxation as of 1 April, of each year, and the taxpayer is charged with and required to pay taxes on its value as of that date, without regard to subsequent events. If a farmer lists a mule or a barn and has its value assessed as of 1 April he is not relieved of paying taxes thereon because the mule thereafter dies or the barn burns in December, and if a bank lists its shares of stock and has their value fixed by the proper authorities as of 1 April, there is no reason why it should be relieved of taxes when subsequent adverse conditions cause it to close its doors in December and render the stock worthless." We think this contention correct.

Chowan County Tax Accountant, received the following letter:

"17 February, 1931.

Mr. R. D. Dixon, Tax Accountant,
Edenton, N. C.

Dear sir: Referring to certificate of assessed value of shares of stock of banks as of 1 April, 1930. Will you kindly strike from said certificate the excess value of the Citizens Bank, Edenton, $19,375.

Yours very truly, A. J. Maxwell, Commissioner.

OST/MB. by Assistant Commissioner."

The defendant contends that the Commissioner of Revenue was authorized to strike from the tax books the *excess* value, and cites Machinery Act 1929, *supra,* Art. 2, part sec. 200: "The Commissioner of Revenue shall be the chairman of the said board and shall, in addition to presiding at the meetings of the board, exercise the functions, duties and powers of the board when not in session."

Part of section 202: "The State Board of Assessment shall exercise general and specific supervision of the systems of valuation and taxation throughout the State, including counties and municipalities, and in addition they shall be and constitute a State Board of Equalization and Review of valuation and taxation in this State."

The contentions cannot be sustained.

In *Caldwell County v. Doughton,* 195 N. C., 62, it is held that action by the State Board of Assessment on the complaint of a taxpayer made in May, 1927, changing values as of May, 1926, on which taxes had been levied for 1926 was unauthorized by statute. The Court saying: "We understand it not to have been the intention of the General Assembly to confer upon the State Board of Assessment original jurisdiction to hear and determine at all times indiscriminate complaints by individual taxpayers of the over valuation of their property."

We can find no power giving the Revenue Commissioner authority to wipe from the tax books this assessment, made regularly in accordance with law from which no appeal was taken. *Markham v. Carver,* 188 N. C., 615.

In *Commissioner of Banks v. Mills, ante,* at p. 512, is the following: "We have recently held that the Commissioner of Banks must sue in his individual name and that the failure to do so may be cured by amendment." In the present case he was not sued in his individual name and this must be cured by amendment. For the reasons given, the judgment of the court below is

Affirmed.