TOWN OF MATTHEWS, a North Carolina municipal corporation, Plaintiff v.
LESTER E. WRIGHT and Wife, VIRGINIA J. WRIGHT, Defendants

No. COA08-270

(Filed 16 December 2008)

**Highways and Streets— public street versus private road—
implied    dedication—retroactive    resolution—summary
judgment**

The trial court erred by granting partial summary judgment in
favor of defendants and concluding that a road in Matthews was
a private streeet, and the case is remanded for further findings of
fact as to whether the road was impliedly dedicated as a public
street, because: (1) the record indicated that no findings of fact
were made as to whether the road was impliedly dedicated to the
public, and thus, there was no final adjudication as to whether the
road was a public or private street; and (2) although plaintiffs
contend the Town of Matthews Board of Commissioners' resolu-
tion, adopted *nunc pro tunc* 25 March 1985, added the road to the
Matthews street system and established the road as a public
street, it was invalid since it amounted to a retroactive resolution
to change the street system previously imposed, and therefore, it
did not preclude the adjudication of the road as a private road.

Appeal by plaintiff from order entered 11 December 2007 by
Judge Nathaniel J. Poovey in Mecklenburg County Superior Court.
Heard in the Court of Appeals 10 September 2008.

*Buckley, McMullen & Buie, P.A., by Charles R. Buckley, III, for
plaintiff-appellant.*

*Blanco, Tackabery, Combs & Matamoros, P.A., by Peter J.
Juran, for defendant-appellees.*

BRYANT, Judge.

Plaintiff appeals from the trial court's order of partial summary
judgment entered 11 December 2007 ordering that "Home Place" is a

**TOWN OF MATTHEWS v. WRIGHT**

[194 N.C. App. 552 (2008)]

private road. The trial court certified the order as a final order pursuant to North Carolina Rules of Civil Procedure, Rule 54(b). For the reasons stated below, we reverse and remand.

On 19 April 2007, plaintiff filed a complaint in Mecklenburg County Superior Court which alleged that defendants erected two signs and a fence in the right-of-way of a Town street designated "Home Place." Plaintiff further alleged that it notified defendants the obstructions were to be removed within twenty days and that defendants failed to comply.

Defendants answered plaintiff's complaint and counterclaimed. Defendants raised the defenses of *res judicata*, collateral estoppel, unclean hands, denial of due process, estoppel, failure to state a claim, and misconduct. Under the defense of *res judicata*, defendants asserted that the issue of whether Home Place was a public road had been fully litigated through final judgment and appeal, with a ruling from this Court on 4 April 2006.[1] Defendants counterclaimed on grounds of trespass and sought an injunction against further action by plaintiff to prevent the use of Home Place as private property.

Defendants filed a request for admissions referencing *Wright I*. In *Wright I*, this Court reversed a trial court's order entered 10 July 2006, which upheld the decision of the Town of Matthews Board of Adjustment that Home Place was a public road, and remanded the matter for further findings of fact as to "whether Home Place became a public street by means of implied dedication." *Id.* at 16, 627 S.E.2d at 661. On remand, the trial court concluded in an order entered 11 July 2006 that "the decision of the Matthews Zoning Board of Adjustment [was] invalid" and further reversed and remanded the matter to the Matthews Board of Adjustment.

In response to defendants' request for admissions, plaintiff acknowledged that after entry of the 11 July 2006 trial court order the Matthews Board of Adjustment held a meeting on 10 August 2006 and adopted said order. After the trial court order declared invalid the Matthews Board of Adjustment decision declaring Home Place a public road, the Board determined that "the issue of Implied Dedication was no longer an issue." The Board further "admitted that the North Carolina Court of Appeals' Opinion [was] not a part of the record of the Matthews Board of Adjustment."

---

1. *Wright v. Town of Matthews*, 177 N.C. App. 1, 627 S.E.2d 650 (2006), referred to hereinafter as *Wright I*.

Also, in response to defendant's interrogatories, plaintiff admitted that, absent notice to defendants, the Matthews Board of Commissioners adopted, on 9 October 2006, a "Resolution Adding Streets To The Matthews Street System (*NUNC PRO TUNC* [25 March 1985])" which added the street known as "Home Place" as a public road.

On 19 October 2007, defendants filed an affidavit, plaintiff's responses to defendant's interrogatories, and a motion for partial summary judgment. The affidavit, by defendant Virginia Wright, gave a history of the matter from the initial hearing before the Matthews Board of Adjustment to the eventual remand to the Board from the North Carolina Court of Appeals. The motion for partial summary judgment asserted the following:

1. The prior adjudication by the North Carolina Court of Appeals which has become final and is binding determined that Home Place did not become a public street either by express dedication or by prescription.

2. The passage of time since the Court of Appeals ruling has not changed the rights of the parties.

3. The third and final way in which a road can become public, other than express dedication or prescription, is implied dedication.

4. Home Place has never been impliedly dedicated as a public road.

After a review of the record, the trial court made the following finding: "the record before [the trial court] including but not limited to the ruling of the Court of Appeals of April 4th, 2006, the Ruling of [the Superior Court] of July 10th, 2006, and the action of the [plaintiff] on August 10th, 2006, establishes that Home Place is a private road." Furthermore, the trial court concluded that "Defendants have established that Home Place is a private road, and Partial Summary Judgment should be granted as to that issue." The trial court's order dismissed plaintiff's claim. The trial court ruled that a genuine issue a material fact remained as to defendants' remedies, but that "there is no just reason for delay in the certification of the dismissal of Plaintiff's claim as a final Order . . . ." Plaintiff appeals.

---

*Standard of Review*

An entry of summary judgment by the trial court is fully reviewable by this Court. A party is entitled to summary judgment as a

matter of law when there is no genuine issue of material fact as to any triable issue. Following a motion for summary judgment, where the forecast of evidence available for trial demonstrates that a party will not be able to make out a *prima facie* case at trial, there is no genuine issue of material fact and summary judgment is appropriate.

*Roten v. Critcher,* 135 N.C. App. 469, 472, 521 S.E.2d 140, 143 (1999) (internal citations omitted).

On appeal, plaintiff raises the following two issues: (I) Did the trial court err in granting summary judgment in favor of the defendants and dismissing plaintiff's claim; and (II) did the trial court err in determining that Home Place is a private road.

### I & II

Plaintiff argues that the trial court erred in granting summary judgment in favor of defendants and dismissing plaintiff's claim. Plaintiff contends that this Court's opinion in *Wright I* did not amount to an adjudication of Home Place as a private street, and the *nunc pro tunc* 25 March 1985 resolution by the Town of Matthews Board of Commissioners, which added Home Place to the Town of Matthews' street system, precluded the adjudication of Home Place as a private road. We agree in part and disagree in part.

As noted in *Wright I*, "[a] private right-of-way or street may become a public street by one of three methods: (1) in regular proceedings before a proper tribunal . . .; (2) by prescription; or (3) through action by the owner, such as a dedication, gift, or sale." *Wright,* 177 N.C. App. at 10, 627 S.E.2d at 658. We determined that "[t]here [was] no evidence in the record that Home Place was ever the subject of a condemnation proceeding or any other proceeding regularly constituted before the proper tribunal" or was "ever the subject of a gift or sale." *Id.* at 10-11, 627 S.E.2d at 658. There was insufficient evidence of prescription. *Id.* at 16, 627 S.E.2d at 661. And, in a discussion regarding express dedication, we stated that there was "no evidence to support the Board [of Adjustment's] findings that in March of 1985 there was a resolution by the Town of Matthews to take over Home Place from the State system . . . ." *Id.* at 13, 627 S.E.2d at 660. And, as such, there was insufficient evidence of an express dedication of Home Place. *Id.* As a result, we concluded that

the findings made by the Board [of Adjustment] and the trial court do not support the conclusion that Home Place is a public

street. . . . The Board [of Adjustment] and the trial court made no findings of fact or conclusions of law [as to] whether Home Place was impliedly dedicated to the public. We therefore reverse the decision of the trial court and remand this case for further findings detailing whether or not Home Place became a public street by means of implied dedication.

*Id.* at 16, 627 S.E.2d at 661. The record before us indicates that no findings of fact were made as to whether Home Place was impliedly dedicated to the public; therefore, there was no final adjudication as to whether Home Place was a public or private street.

In the current appeal, plaintiffs argue that the Town of Matthews Board of Commissioners resolution, adopted *nunc pro tunc* 25 March 1985, added Home Place to the Matthews' street system and established Home Place as a public street. We disagree.

In *Chowan County v. Commissioner of Banks*, 202 N.C. 672, 163 S.E. 808 (1932), our Supreme Court held that while a board of county commissioners were welcome to "correct an erroneous entry upon the minutes so that the record shall, in the language of the law, 'speak the truth' " the board could not with "retroactive effect" change what had been "purposely imposed in the way the law prescribes[.]" *Id.* at 675, 163 S.E. at 810 (citation omitted).

Here, the Board of Commissioners of the Town of Matthews adopted a resolution *nunc pro tunc* 25 March 1985 to add Home Place to the Town's street system. This amounts to a retroactive resolution to change the street system previously imposed and is thus invalid. Therefore, this resolution does not preclude the adjudication of Home Place as a private road.

For the aforementioned reasons, we hold the trial court erred in granting summary judgment and concluding that Home Place was a private road. Consistent with the holding in *Wright I*, we remand for further findings of fact as to whether Home Place was impliedly dedicated as a public street.

Reversed and remanded.

Judges JACKSON and ARROWOOD concur.